### GARSEED v. STERNBERGER.

(Filed May 24, 1904).

GAMING CONTRACTS—*Cotton Futures—Acts 1889, ch. 221.*

> Where a person buys cotton "futures" for another and suffers loss, he cannot maintain an action for reimbursement.

ACTION by E. T. Garseed against H. Sternberger, heard by *Judge O. H. Allen* and a jury, at September Term, 1903, of the Superior Court of GUILFORD County. From a judgment for the defendant the plaintiff appealed.

*J. N. Staples,* for the plaintiff.
*J. A. Long* and *J. E. Long,* for the defendant.

CLARK, C. J. The defendant desiring to engage in buying cotton "futures" without being known, requested the plaintiff to buy them for him through the plaintiff's own broker in New York. Both the plaintiff and defendant lived in Greensboro, N. C. The defendant agreed to furnish all the money necessary for these transactions and to guarantee the plaintiff against loss. Several of these transactions occurred, the defendant using the plaintiff's name with his consent and the orders being sent direct by the defendant to the plaintiff's brokers. After several such transactions, in this particular one the defendant gave the plaintiff a check for $500 and told him he was going to buy 500 bales "June cotton." The defendant sent his instructions direct to the plaintiff's brokers. There was a loss of $626.28 on this contract being closed out, which the New York brokers charged up to the plaintiff. The plaintiff thereupon called upon the defendant to reimburse him the amount ($126.52) in excess of the sum of $500, which had been handed

him by the defendant. The defendant did not, after the loss, request the plaintiff to pay the $126.28 nor promise after such loss to reimburse the plaintiff, but on the contrary denied liability, alleging that the loss was caused by the failure of the plaintiff's brokers to obey instructions. The plaintiff began this action before a justice of the peace to recover the said sum of $126.52 as money paid to the defendant's use. The defendant pleaded that, the transaction being illegal, the plaintiff could not recover. Upon the plaintiff's testimony as above the defendant demurred to the evidence. The Court sustained the demurrer and dismissed the action. In this there was no error.

In Clark on Contracts, 501, it is said: "If a broker or *other agent* is employed to carry out an illegal transaction, and is privy to the unlawful design, and by virtue of his employment performs services, makes disbursements, suffers losses, or incurs liabilities, he has no remedy against his principal"—citing Greenhood Pub. Pol., 110 (where the cases are collected); *Harvey v. Merrill,* 150 Mass., 1, 5 L. R. A., 200, 15 Am. St. Rep., 159; *Gibbs v. Gas Co.,* 130 U. S., 396, and numerous other cases; saying further, "not only is this true, but it has been held that any express promise made by the principal to reimburse him is void," citing *Embrey v. Jemison,* 131 U. S., 336; *Kahn v. Walton,* 46 Ohio St., 195; *Everingham v. Meighan,* 55 Wis., 354, which sustain the text. But if there could be any doubt on this proposition, our chapter 221, Laws 1889, "to suppress and prevent certain kinds of vicious contracts," puts the matter beyond controversy. Section 1 is very elaborate and forbids all classes and kinds of dealings in "future" contracts, in which, as in this case, the transaction is not a *bona fide* purchase of commodities for actual future delivery, but contemplates a payment or receipt of the difference in the price at the time of delivery from that named in the contract, and

provides that no party "or agent of such party, directly or remotely connected with such contract in any way whatever, shall have or maintain any cause of action on account of any money or other thing of value paid, advanced or hypothecated by him, in connection with or on account of such contract or agency."

Section 3 provides that every person, who is a party to any such contract, "and every person who shall be the agent, directly or indirectly, or any such party in making, or furthering, or effectuating the same, * * * shall be deemed guilty of a misdemeanor, and on convicition in the Superior Court shall be fined not less than $100 nor more than $500 and may be imprisoned in the discretion of the Court." And section 4 visits with like punishment every person who in this State shall "do any act or aid in any way in this State in the making or furthering such contract so made in another State."

No Error.