C. M. BURNS v. T. R. TOMLINSON.

(Filed 20 May, 1908).

1. Contracts, Illegal—Pleadings—Verified Plea of "Futures"—Burden of Proof.

When defendant pleads in a verified answer that a contract, the subject of suit, for buying and selling cotton was void for being one for "futures," the burden of proof is upon plaintiff to show that it was a lawful one, *i. e.*, that actual delivery was intended by the parties, and not merely that either had the privilege of calling therefor. Revisal, sec. 1691.

2. Contracts, Illegal—"Futures"—Evidence, "Prima Facie."

When damages are sued for in an action upon a contract for buying and selling cotton, and the plea of invalidity because the contract was for "futures" is set out in the verified answer, proof that the commodity was not actually delivered at the date of the contract and that one of the parties agreed to secure or deposit "margins" constitutes *prima facie* evidence of a contract declared void by Revisal, sec. 1689.

3. Contracts, Illegal—"Futures"—Damages, Subsequent Promise to Pay.

A subsequent promise made by one of the contracting parties to the other to repay him for loss arising from a contract for "futures" is void.

4. Contracts, Illegal — "Futures" — Principal and Agent — Status of Agent.

An agent for a principal to a contract made in violation of Revisal, sec. 1689, as to "futures," cannot recover for any loss he

may have sustained on account thereof, as such act of agency would be in violation of Revisal, sec. 3824, making it a misdemeanor.

ACTION tried before *Webb, J.,* and a jury, at October Term, 1907, of ANSON.

Plaintiff appealed.

*Robinson & Caudle, J. A. Lockhart* and *J. T. Bennett* for plaintiff.

*McLendon & Thomas* and *J. W. Gulledge* for defendant.

CLARK, C. J. The plaintiff seeks to recover $1,920 paid by him to Robert Moore & Co., of New York, "on 100 bales of cotton, October delivery, bought and sold for account of plaintiff." The following is Moore & Co.'s statement, rendered 25 September, 1905:

"April 27, sold 100 Bspc.....................$ 7.29
  Aug. 28, bo't 100 Bspc.................. 11.10
                                ————$1,905
  Charges brokerage, buying and selling...... 15

      Net debit ...................... $1,920"

The defendant, in his verified answer, pleaded that the above transaction was void, being a contract for "futures." Upon such plea made, Revisal, sec. 1691, provides that the burden is upon the plaintiff to prove that the transaction was a lawful one, which means, of course, that actual delivery was intended by both parties, and not merely that either "had the privilege" of calling for actual delivery.

Revisal, sec. 1690, further provides that proof that the commodity was not actually delivered at the date of the contract, and that one of the parties agreed to secure or deposited "margins," shall constitute *prima facie* evidence of a contract declared void by Revisal, sec. 1689."

The evidence of the plaintiff did not tend to rebut this *prima facie* case, and his Honor properly told the jury that, if they believed the evidence, the plaintiff could not recover, and to answer the issue "Nothing." The plaintiff's evidence is that he authorized the defendant to telegraph in his name to Moore & Co., New York, to sell 100 bales of cotton, October delivery; that no cotton was delivered then nor in October; that he (plaintiff) kept up the margins; that he does not know whether or not the defendant intended to deliver the cotton; that the contract was closed out in August and he paid Moore & Co. $1,920, the loss on it. The defendant did not thereafter promise to repay such loss, and if he had done so the promise would be void. *Embrey v. Jamison,* 131 U. S., 336; *Kahn v. Walton,* 46 Ohio St., 195; *Everingham v. Meighan,* 55 Wis., 354; *Garseed v. Sternberger,* 135 N. C., 502.

Our statute (Laws 1889, ch. 221, now Revisal, sec. 1689) "to suppress and prevent certain kinds of vicious contracts" provides that no party "or agent of such party, directly or remotely connected with such contract in any way whatever, shall have or maintain any cause of action on account of any money or other thing of value paid, advanced or hypothecated by him in connection with or on account of such contract or agency." And certainly the courts could not aid the plaintiff to a recovery, when Revisal, sec. 3824, makes it a misdemeanor, punishable by fine and imprisonment, to aid directly or indirectly in making or furthering such contract, and even "to do any act or aid in any way in this State in the making or furthering such contract so made in another State." *State v. Clayton,* 138 N. C., 732.

The same case is here presented as was fully discussed and decided, with citation of authorities, in *Garseed v. Sternberger, supra.*

No Error.