STATE v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 2 December, 1908).

1. Railroads—Running Trains on Sunday—Indictment—Evidence—Variance—Verdict Directing.

When the proof under a bill of indictment, sufficient in form, against a railroad company for running trains, in violation of the statute, tends to fix the offense as occurring in July, and the charge assigned the date as the January following, the time is not material, and the variance is not of the substance, and a prayer of defendant that a verdict of not guilty be thereupon directed should not be granted.

2. Railroads — Running Trains on Sunday — Bill of Particulars — Discretion of Court, No Abuse of—Error and Appeal.

The granting of an order for a bill of particulars to be furnished the defendant railroad company under indictment for running trains on Sunday, in violation of the statute, is in the discretion of the Court, Revisal, sec. 3244; and the question of sufficient compliance is likewise in the sound legal discretion of the trial Judge, and will not be reviewed or disturbed on appeal, unless there has been manifest abuse to defendant's prejudice.

3. Same.

The object of a bill of particulars is to enable the defendant to properly prepare his defense in cases where the bill of indictment, though correct in form and sufficient to apprise the defendant in general terms of the accusation against him, is yet so indefinite in its statements as to the particular charge or occurrence referred to, that it does not afford defendant a fair opportunity to procure his witnesses or prepare his defense. When it appears that the trial Judge has, in his discretion, accepted a bill of particulars as being sufficient under an order theretofore granted at the instance of defendant, and that upon a former trial of the same cause the State's witnesses were examined and

. information so fully given as to render a further bill of particulars unnecessary, the discretion exercised by the trial Judge will not be reviewed on appeal.

4. **Instructions — Verdict Directing — Language Used—Evidence— Questions for Jury.**

When there is no conflict in the testimony, and, if believed, no inference permissible therefrom but that of guilt, it would not constitute reversible error for' a trial Judge to charge the jury: "If they believe the evidence they would render a verdict of guilty"; though better form to charge, "If you find the facts to be as testified," etc.; but when there is conflict in the evidence on any essential feature of the charge, or when, though there is no such conflict, more than one inference of fact is permissible, and any of them consistent with the defendant's innocence, the question of guilt or innocence is one for the jury.

INDICTMENT for running freight trains on Sunday, in violation of the statute, tried before *Lyon, J.,* and a jury, April Term, 1908, of FRANKLIN.

It appeared that, at a former term of the Court, the Judge having ordered a bill of particulars, the same were furnished at April Term, 1907, as follows:

"The State files a bill of particulars herein as follows:

"1st. The train was running north.

"2d. The day on which the same was run was a Sunday between the 1st of May and the latter part of July, the exact date the State is unable to state."

The Solicitor stated that the above bill of particulars was all that he was able to furnish, and the same was accepted by the Court as full compliance with the order of the Court.

After this was done, to-wit, at August Term, 1907, the cause was tried and defendant was convicted and sentenced, and on appeal a new trial was ordered for error in the charge of the Court. The case was reported in 145 N. C., 570. This opinion having been certified down, and cause called for trial at April Term, 1908, defendant moved to quash the bill of indictment, for that the order for bill of particulars had not been complied with. Motion was denied, and defendant excepted.

Defendant further contended that there was a fatal vari-
ance between the allegation and the proof, the charge assign-
ing the date to have been 20 January, 1907, and the proof
tending to fix the occurrence in July previous, and, on that
account, moved to "dismiss the action," and further requested
the Court to instruct the jury that, on account of the variance
claimed, they would render a verdict of not guilty.  This
was refused, and defendant excepted.  Verdict of guilty,
judgment, and defendant excepted and appealed.

*Assistant Attorny-General Hayden Clement* for State.
*Day, Bell & Allen* and *T. W. Bickell* for defendant.

Hoke, J., after stating the case: The indictment is suffi-
cient in form, and, time not being material, the variance
claimed was not of the substance, and the prayer of the
defendant that a verdict of not guilty should be thereupon
directed, was properly overruled. *State v. Pickell,* 118 N. C.,
1231; *State v. Williams,* 117 N. C., 753; *State v. Jones,*
80 N. C., 415. Nor was there error in denying the motion
to quash the bill of indictment for non-compliance with the
order requiring a bill of particulars.  The bill as rendered
was accepted by the Court as sufficient compliance with the
order, and the authorities are to the effect, that both the
original order and the question of a proper compliance with
the same are matters which rest in the discretion of the Court.
As to the original order, our statute places the matter in the
discretion of the trial Court in express terms.  This statute,
Revisal, 1905, sec. 3244, which is a very correct embodiment
of the general law on the subject of these bills, provides as
follows:

"In all indictments when further information not required
to be set out therein is desirable for the better defense of the
accused, the court, upon motion, may, in its discretion, re-
quire the solicitor to furnish a bill of particulars of such
matters."

And the decisions hold that the question of sufficient compliance with the order.is likewise properly made to rest in the Court's discretion. Abbot's Trial Briefs Criminal Causes, p. 48, citing *State v. Bacon,* 41 Vt., 526; *State v. Hill,* 13 R. I., 314. And, while the Court is inclined to the opinion that the term "discretion," as used and contemplated in the statute, and in.these decisions, should be construed to mean the sound legal discretion of the trial Court, it is well understood that the action of the lower Court will not be reviewed or disturbed on appeal, unless there has been manifest abuse in this respect to defendant's prejudice, *State v. Dewey,* 139 N. C., 556, and we are clearly of opinion that, in the present case, no such abuse has been shown. Furthermore, the order of the lower Court should not in any event be disturbed in this instance, for the whole object of a bill of particulars is to enable the defendant to properly prepare his defense in cases where the bill of indictment, though correct in form and sufficient to apprise the defendant, in general terms, of the "accusation" against him, is yet so indefinite in its statements, as to the particular charge or occurrence referred to, that it does not afford defendant a fair opportunity to procure his witnesses or prepare his defense. And, in this.case, it appears that there has heretofore been a trial of the cause, when the witnesses were examined and the particular occasion was spoken to in open court, by the State's witnesses; and defendant was, therefore, fully informed, not only of the particular occurrence imputed to him for a crime, but was possessed of the entire case of the prosecution, as developed in the former trial, and a further bill of particulars, which is the usual course when the one offered is insufficient, could have given defendant no further information than he already had. See *State v. Howard,* 129 N. C., 584, in which it was held as follows:

"2. Where, on motion of the defendant, the solicitor is ordered after the evidence is in to elect, thereupon *nol prosses*

several counts, which gave as full information as a bill of particulars, the defendant cannot complain of the refusal of the Court to order a bill of particulars."

As there seems to have been some misapprehension as to the true purport of the descision made in the former appeal in this cause, reported in 145 N. C., 570, we deem it not amiss to say that, neither in that case, nor any other, has this Court ever held that, when there was no conflict in the testimony, and if believed, no inference permissible therefrom but that of guilt, it would constitute reversible error for a trial judge to charge the jury, "If they believed the evidence they would render a verdict of guilty." A judge, writing the opinion, has, in several instances, said that it was better form to express the charge, "If you find the facts to be as testified," etc., *State v. Barrett,* 123 N. C., 753; *State v. Hill,* 141 N. C., 769; *State v. Simmons,* 143 N. C., 613, but, under the circumstances indicated, this distinction has never been held reversible error.

The ruling made on the former appeal in this case, and sustained in the forcible opinion of Associate Justice Brown, was, that when there was conflict in the evidence on any essential feature of the charge, or when, though there was no such conflict, more than one inference of fact was permissible, and any one of these consistent with defendant's innocence, the question of his guilt or innocence was for the jury and not for the Court. This is by no means a trivial or technical distinction, but goes to the integrity and very existence of the right of a citizen to a trial by jury. If, on the testimony, there is an inference of defendant's innocence permissible, and a judge is allowed to charge the jury, "If they believe the evidence they will find defendant guilty," this is condemnation by the Judge, and the right of trial by jury, so justly valued as the ultimate protection of freemen under the forms of law, is usurped by the Judge, and the constitutional rights of the defendant are denied him.

"No person shall be convicted of crime, but by the unanimous verdict of a jury of good and lawful men in open court," is the language of our Bill of Rights; and if there is an inference of guilt and one of innocence arising on the evidence, the jury must determine which inference shall be established. As said by *Henderson, J.,* in *Bank v. Pugh,* 8 N. C., 206: "The jury are the constitutional judges, not only of the truth of the testimony, but of the conclusions of fact resulting therefrom." See *State v. R. R., infra.*

In the present trial, the principle declared in the former appeal has been properly applied by the trial Court, and, there being no error in the record, the judgment against defendant is affirmed.

No error.