G. G. EDGERTON & SON v. J. T. EDGERTON & BRO.

(Filed 12 October, 1910.)

1. Contracts—Gaming—Intent—Void—Cotton Futures—Questions for Jury.

When a defense to an action brought upon contract is that it was given upon an illegal consideration and made in contravention of public policy; that it was merely a gaming contract, with a profit to the one party and loss to the other, based upon the rise and fall of the cotton market, without contemplating the actual

delivery of the cotton, the form of the contract is not conclusive in determining its validity; and if upon issue joined the jury find that it was a gaming contract of the character indicated, no recovery thereon may be had.

2. Contracts—Gaming—Certainty of Amount—Void—Penalty—Forfeiture.

A gaming contract in cotton futures is void and no recovery can be had thereon, irrespective of whether the amount of the stake is certain or uncertain, and recovery cannot be had of a penalty in a fixed sum specified in a contract of this character as a forfeit for its breach.

APPEAL by plaintiff from *O. H. Allen, J.,* at the May Term, 1910, of JOHNSTON.

The facts are sufficiently stated in the opinion.

*Aycock & Winston, Abell & Ward* and *Chas. Edgerton* for plaintiff.

*W. J. Hooks* and *N. Y. Gulley* for defendant.

WALKER, J. This action was brought by the plaintiffs to recover the sum of $2,205, as damages for the breach of a contract to sell and deliver to the plaintiffs 100 bales of cotton weighing 45,000 pounds. By the contract, which was in writing and dated 9 June, 1909, the defendants agreed to sell and deliver the cotton for ten and one-tenth cents per pound, delivery to be made in the months of September, October, November and December of the same year, with the stipulation that if either of the parties failed to perform the contract, they should pay to the other a forfeit of $500. The defendants, in their answer, substantially allege that it was not intended that the cotton should be actually delivered, although so stated in the contract, but that the contract should be discharged by the payment of the amount gained by the one or lost by the other, to be determined by the rise or fall of the market price of cotton, the maximum amount to be paid not to exceed five hundred dollars, and that the contract is, therefore, void. The sole question involved is the legality of the contract. The plaintiff contends that the defendants, in their answer, do not set up their defense sufficiently. The pleading may not be drawn with technical accuracy, but construing it liberally, we think the defense is sufficiently, even

if defectively, stated, and in this respect it is, at least, good as against a demurrer. Besides there was no objection to the issue. *Hendon v. R. R.,* 127 N. C., at p. 114. The court submitted an issue to the jury as to whether it was intended by the parties that there should be an actual delivery of the cotton, and charged that if the parties did not contemplate an actual delivery of the cotton, but merely intended that the payment of the $500, by the one party or the other, should depend upon the rise or fall in the price of cotton, this contract would be illegal and void as founded upon a gaming consideration, but if an actual delivery of the cotton was intended, then it would be valid and enforceable. The jury under this instruction returned a verdict for the defendant. The plaintiff excepted and appealed from the judgment.

The form of the contract is not conclusive in determining its validity, when it is assailed as being founded upon an illegal consideration and as having been made in contravention of public policy. If under the guise of a contract of sale, the real intent of the parties is merely to speculate in the rise or fall of the price and the property is not to be delivered, but only money is to be paid by the party who loses in the venture, it is a gaming contract and void. "The true test of the validity of a contract for future delivery is whether it can be settled only in money and in no other way, or whether the party selling can tender and compel acceptance of the particular commodity sold or the party buying can compel the delivery of the commodity purchased. The essential inquiry in every case is as to the necessary effect of the contract and the real intention of the parties." 20 Cyc., 930; *Williams v. Carr,* 80 N. C., 295; *State v. McGinnis,* 138 N. C., 724; *State v. Clayton, ibid,* 732. In *Dillaway v. Alden,* 88 Me., 230, the rule is thus stated: "When, however, there is no real transaction, no real contract for purchase or sale, but only a bet upon the rise or fall of the price of a stock, or article of merchandise in the exchange or market, one party agreeing to pay, if there is a rise, and the other party agreeing to pay if there is a fall in price, the agreement is a pure wager. No business is done—nothing is bought or sold, or contracted for. There is only a bet." But the rulings and

charge of the court in this case are fully sustained by *Rankin v. Mitchem*, 141 N. C., 277, where it is said: "The insertion of the last clause cannot be said to be *conclusive* evidence of the *intention* of both parties that the contract should be discharged only by a payment of the difference between the contract price and the market price of the cotton on the day fixed for delivery. That being so, the matter is to be settled by ascertaining the real underlying intention of the parties to the contract. Was it the intention of both parties to the contract that the cotton should not be delivered? Was it their purpose to conceal, in the terms of a fair contract, a gambling deal in which the parties contemplate no real transaction as to the article to be delivered? This purpose and underlying intent his Honor properly left to the jury, the contract not being a gambling one on its face." The charge of the court in that case, with reference to the issue submitted to the jury, was substantially like the one in this case, as will appear at p. 281.

The plaintiff contended that the provision in the contract by which the party who should break the contract is to forfeit $500, imposes a penalty and for that reason is void, and plaintiff therefore can recover the difference between the contract price and the market price at the time fixed for the delivery, though in his complaint he demands judgment for both the five hundred dollars and the amount of the difference between the two prices. It can make no difference what amount he seeks to recover. The jury have found that the real transaction was a dealing in differences between prices, and that no delivery of the cotton was intended by the parties. The gain or loss depended upon a chance or contingency, the rise or fall of the price. It was essentially a contract of wager and is void without regard to the amount at stake, or whether the amount is certain or uncertain. The other exceptions cannot be sustained.

No error.