L. HARVEY & SON v. C. A. PETTAWAY.

(Filed 18 October, 1911.)

1. Contracts—Cotton—Future Delivery—Wagering Contracts—Actual Delivery—Intent—Questions for Jury.

A contract for future delivery of cotton, to be a wagering contract upon its face, must necessarily indicate the intention of both parties to have been that the cotton itself should not be delivered and that the contract should be discharged, only by the payment of the difference between the contract and the market price.

2. Contracts—Cotton—Future Delivery—Wagering Contracts—Measure of Damages—Place of Delivery.

A contract for the future delivery of cotton, providing that if it is not delivered at the time and place agreed upon the vendee should purchase it in the market and charge against the vendor the difference between the contract and market price, contemplates only such damages as the law would award, and a stipu-

lation in the agreement for a different place of delivery than that the law fixes in awarding such damages will not, of itself, make such a difference in the measure of damages as would stamp the contract as a wagering one.

APPEAL from *Peebles, J.,* at March Term, 1911, of LENOIR.

Civil action. The defendant demurred to the complaint. The court rendered judgment sustaining the demurrer. Plaintiff appealed.

*Rouse & Land, McLean, Varser & McLean, and Loftin & Dawson for plaintiff.*

*Duffy & Koonce and G. V. Cowper for defendant.*

BROWN, J. The action is brought to recover damages for failure to deliver 25,000 pounds of cotton according to the terms of a written contract.

The plaintiffs allege that for many years they have been and still are dealers in spot cotton. They then set up and make a part of their complaint a contract which contains the usual provisions for the sale of 25,000 pounds of lint cotton to be delivered to plaintiffs at A. C. L. depot, Jacksonville, N. C., on or before 31 December, 1909, at a price therein mentioned. Then follows the following clause, upon which arises the vital question in this appeal:

"Should the party of the second part fail to deliver any or all of said 25,000 pounds of cotton, then he hereby agrees to pay said L. Harvey & Son the difference between the price herein agreed upon and the price of middling cotton in Kinston at noon on 31 December, 1909, on the quantity said party of the second part fails to deliver, and that L. Harvey & Son may purchase such cotton at said time and place and charge said party with the difference between the herein agreed price and the price so paid."

There are two grounds of demurrer, but only one is relied upon in defendant's brief.

It is contended by the learned counsel for defendants that the clause quoted is conclusive evidence that the contract is a gambling contract on its face, and therefore void. We cannot concur with them. There is nothing on the face of this con-

tract which necessarily indicates that it was the *intention* of both parties that the cotton should not be delivered and that the contract should be discharged only by payment of the difference between the contract and the market price.

The language of the opinion in *Rankin v. Mitchem*, 141 N. C., 277, is applicable to this contract:

"The insertion of the last clause cannot be said to be conclusive evidence of the intention of both parties that the contract should be discharged only by a payment of the difference between the contract price and the market price of the cotton on the day fixed for delivery. That being so, the matter is to be settled by ascertaining the real underlying intention of the parties to the contract. Was it the intention of both parties to the contract that the cotton should not be delivered? Was it their purpose to conceal in the terms of a fair contract a gambling in which the parties contemplated no real transaction as to the article to be delivered? This purpose and underlying intent his Honor properly left to the jury, the contract not being a gambling one on its face."

This case is cited and approved in *Edgerton v. Edgerton*, 153 N. C., 169, where it is said that "The form of the contract is not conclusive in determining its validity, when it is a sale as being founded upon an illegal consideration and as having been made in contravention of public policy." "The true test of the validity of a contract for future delivery is whether it can be settled only in money and in no other way, or whether the party selling can tender and compel acceptance of the particular commodity sold, or the party buying can compel the delivery of the commodity purchased. The essential inquiry in every case is as to the necessary effect of the real contract and the real intention of the parties." *Edgerton v. Edgerton*, 153 N. C., 168; 20 Cyc., 930; *Williams v. Carr*, 80 N. C., 295; *S. v. McGinnis*, 138 N. C., 724; *S. v. Clayton*, 138 N. C., 732; *Bibb v. Allen*, 149 U. S., 481; *Sampson v. Camperdown Mills*, 82 Fed., 836; *Dillaway v. Alden*, 88 Me., 236; *Cleage v. Langley*, 149 Fed., 352; *Berry v. Chase*, 146 Fed., 630; *Thompson v. Williamson*, 67 N. J. Eq., 219; *Kingsbury v. Korwan*, 77 N. Y., 612.

The provision in this contract to pay damages in case of failure to perform it is nothing more than the law would award upon its breach without any specific agreement.

It is true, the legal rule would be the difference between the contract price and the market price at Jacksonville on 31 December, 1909, the date fixed for delivery, while the contract fixes the price at Kinston.

The parties had the right to agree upon Kinston as the place at which the market price is to be fixed, if done in good faith. Certainly this slight difference between the measure of damages allowed by law and that stipulated in the contract is not alone sufficient to stamp it as a gambling contract.

The defendants will be allowed to answer.

Reversed.