COBB BROTHERS & CO. v. W. B. GUTHRIE.

(Filed 30 October, 1912.)

**Wagering Contract—"Cotton Futures"—Pleadings—Allegations of Answer—Burden of Proof—Evidence.**

In an action to recover moneys paid out, and commission, for the purchase of cotton by the plaintiffs to defendant's use, where the defense is set up, by verified answer, that the transaction was a gambling contract in "cotton futures," the burden is cast upon the plaintiffs to prove that the transaction was a lawful one, and that the parties intended actual delivery. not merely optional with either party (Revisal, secs. 1690, 1691), and the defendant's letter in this case, being the only evidence, promising payment and asking for indulgence, is insufficient.

APPEAL by plaintiffs from *Whedbee, J.,* at July Special Term, 1912, of DURHAM.

Civil action to recover $280. From a judgment for defendant, the plaintiffs appeal.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Johnson & Johnson for plaintiffs.*
*J. Lathrop Morehead for defendant.*

BROWN, J. This action is brought to recover $280 alleged in the complaint to be due the plaintiffs by defendant. The character of the transaction is stated in the complaint as follows: "That the consideration of the said account stated was the sum of $280 paid out and expended, including plaintiffs' commissions, by plaintiffs for the use and benefit of defendant and at his special instance and request, in and about the purchase and sale of 200 bales of cotton."

The defendant pleaded as a defense to the action chapter 39 of the Revisal of North Carolina 1905, entitled "Gaming Contracts," and the amendments thereto, and especially section 1689 of said Revisal of North Carolina. The answer was duly verified by defendant.

Plaintiffs introduced in evidence (which was all of the evidence) the following letter from the defendant:

Cobb Bros. & Co.,              DURHAM, N. C., December 10, 1910.
        *Norfolk, Va.*

DEAR SIR::—I am in receipt of yours of the 8th instant, showing debit of $280. I will send you a remittance at the very earliest possible moment; so be a little patient with me, please.
                    (Signed)  W. B. GUTHRIE.

The defendant having pleaded in a verified answer that the transaction was a gambling contract in "cotton futures," the burden was cast upon the plaintiffs to prove that the transaction was a lawful one, that actual delivery of the cotton was intended

by the parties, and not merely that it was optional upon either party to call for actual delivery. Revisal, secs. 1690, 1691.

The only evidence offered, viz., the letter of the defendant, fails to meet the requirements of the law. *Burns v. Tomlinson,* 147 N. C., 647; *Garseed v. Sternberger,* 135 N. C., 502; *Burrus v. Witcover,* 158 N. C., 384. The judgment of the Superior Court is

Affirmed.