S. S. HOLT v. J. A. WELLONS, RECEIVER.

(Filed 1 October, 1913.)

**1. Contracts—Future Delivery—Cotton—Consideration.**

· A contract to sell a stated number of bales of cotton at a fixed price per pound, on a certain date, is supported by a sufficient · consideration, viz., the mutual agreement of the parties, the one to sell and the other to buy the cotton in the quantity and at the price and date determined upon, and it is bilateral and not unilateral.

**2. Same—Apparent Validity of Contract.**

· A definite contract for the sale of cotton at a future date, without indication that it is not what it purports to be, is not void upon its face as a wagering contract.

**3. Contracts—Cotton—Future Delivery—Evidence—Prior Transactions—Intent.**

Conversations preliminary to the making of a contract and during negotiations leading up to it may be relevant to prove the intent with which it was made, where that intent is in question.

**4. Contracts—Indorsements—Evidence.**

Evidence of the indorsement on a contract for the sale of cotton made by the buyer to the indorsee, and of the handwriting of the former, is competent in the indorsee's action to recover damages against the seller for the breach of the contract to prove the assignment of it.

**5. Contracts, Wagering—Cotton—Future Delivery—Quantum of Evidence—Instructions.**

In an action for damages for the breach of a contract when the trial judge has placed the burden of proof under the statute upon the plaintiff to show that actual delivery of the cotton was contemplated, a charge is not erroneous which instructs the jury that the evidence must be believed by them and produce in their minds a conviction that the contract was a *bona fide* one for the actual delivery of the cotton.

**6. Contracts, Wagering—Cotton—Future Delivery—Evidence—Good Faith—Actual Delivery—Intent of Parties—Instructions.**

. Where the defendant in his answer specifically alleges that a contract for the future delivery of cotton was a wagering one, the burden is on the plaintiff to establish that it was not (Revisal, sec. 1691) ; and in this case where the contract is valid on its face, a charge is held sufficient that if the jury believed the evidence and were convinced thereby that the parties to the contract really and in good faith contemplated an actual delivery of the cotton, and that it was not merely a gambling transaction under the guise of a fair and lawful dealing, they should answer the issue in the negative, that the contract was not a wagering contract which is forbidden by law.

**7. Contracts, Valid on Face—Wagering Contracts—Cotton—Future Delivery—Terms of Agreement—Intent.**

Where a contract for the future delivery of cotton appears upon its face to be valid, and recovery thereon is resisted on the ground that it is a wagering one, it is the intention of both parties which will control as to whether the contract contemplated the delivery of the cotton, or was couched in the terms of a lawful contract to conceal a gambling agreement in which it was contemplated that one or the other of the parties would win or lose, depending solely upon whether the price should rise or fall, receiving in settlement of the same only the difference in the price, and not the cotton or its value.

**8. Instructions — Directing Verdict — Words and Phrases—Appeal and Error—Harmless Error.**

A charge of the court directing the answer of the jury to an issue in a certain way, "if they believed the evidence," is unde-

HOLT v. WELLONS.

sirable in its form, and is not commended; but reversible error will not be found by reason of the use of this expression where it appears that the appellant was not prejudiced thereby; and where the evidence referred. to is not disputed and but one inference can be drawn therefrom, it will not be held as error that the use of this form was a prohibited direction of the verdict by the court.

APPEAL by defendant from *Carter, J.,* at March Term, 1913, of JOHNSTON.

This action was brought to recover damages for the breach of a contract to sell and deliver cotton. The complaint alleges that Keen Company contracted to sell to Austin-Stephenson Company 200 bales of cotton at 10⅛ cents per pound, 100 of the bales deliverable on 20 September, 1907, and the other 100 bales on 20 October, 1907; that the contract was afterwards sold and transferred by Austin-Stephenson Company to the plaintiff, S. S. Holt, and that Keen Company failed to deliver the cotton as they had agreed to do. Plaintiff sues for the difference between the contract price and the market price on the delivery dates, which, as he alleges, is $1,500. Keen Company wrote the following letter to Austin-Stephenson Company on 1 March, 1907:

"GENTLEMEN:—This is to confirm sale to you of 200 bales of good white cotton, f. o. b. Four Oaks, N. C., 100 bales to be delivered 20 September, 1907, and 100 bales to be delivered 20 October, 1907, at 10⅛ cents per pound."

The plaintiff also alleges the breach of another contract, made by Keen Company on 11 March, 1907, to sell and deliver 100 bales of cotton to Austin-Stephenson Company at 10¼ cents per pound and its assignment to him by them, the difference between the market and contract prices being $500. Keen Company wrote the following letter to Austin-Stephenson Company on 11 March, 1907:

"GENTLEMEN:—This is to confirm sale to you of 100 bales of cotton to be delivered f. o. b. Four Oaks, N. C., during the month of November, 1907, at 10¼ cents per pound. This cotton is to be delivered as you buy it, and not to be picked or classified."

Plaintiff alleges a tender of the full price fixed by the contracts of sale and a demand for the cotton, with which defendant refused to comply. They pray judgment for $2,000. Defendant demurred because the contracts, as alleged in the complaint, are unilateral, without consideration, and void. The demurrer was overruled, and defendant excepted. They answered that they were gambling contracts and *ultra vires,* and were not legally sold and transferred to the plaintiff. Upon issues submitted to them, the jury found that the contracts were made as alleged; that said contracts were sold and transferred to plaintiff Holt; that they were not gambling contracts; that plaintiff was ready, able, and willing to perform said contracts on his part; that defendant failed and refused to perform the same, and that plaintiff was damaged in the sum of $1,687.50, with interest. Judgment and appeal by defendant.

*Winston & Biggs, Abell & Ward, and W. W. Cole for plaintiff.*

*F. H. Brooks and N. Y. Gulley & Son for defendant.*

WALKER, J., after stating the case: We will consider the errors in the order assigned:

1. The demurrer was properly overruled. The contract, as alleged in the complaint, was not unilateral or without consideration or void. It was bilateral and bound both parties, the defendant to deliver the cotton and the plaintiff to pay the price, and for this reason also it was based upon a sufficient consideration, the mutual promises of the parties, being considerations for each other. 9 Cyc., 323. The promise to sell and deliver the cotton was founded upon the reciprocal promise to pay the price as its consideration. The contract is not void, but valid on its face.

It is argued that the plaintiff is bound by the form of the contract as contained in the letters copied into the complaint. If this be so, it does not help the defendant. The contract is still not unilateral, a *nudum pactum,* or otherwise void on its face, but, on the contrary, is apparently valid and binding. The letters merely confirmed the sale, implying that one had already

been made, and its validity was then recognized. But in the complaint distinct allegations of a binding contract are made, apart from the letters, so that in any view the demurrer must fail of its purpose. Defendants cited *Rankin v. Mitchem*, 141 N. C., 277, in support of the demurrer, but we do not see how it applies to the question now raised. The promise of the seller in that case to take the cotton back at a given price on a certain date was clearly unilateral, not binding the buyer. That is not the contract here, for this one is mutually binding.

2. The testimony of W. H. Austin, manager of the Austin-Stephenson Company, as to his conversation with Allen K. Smith, president of the Keen Company, objected to by defendant and admitted, was harmless, if incompetent. It tended to prove only a request by Smith of Austin to notify the Keen Company if his company ever wished to buy any cotton. It was a mere preliminary and only preparatory to negotiations. The contract itself was afterwards made by the Austin Company with the Keen Company through J. W. Keen, its secretary, treasurer, and general manager. It also was relevant, as bearing upon the issue of the lawfulness of the contract, which was raised by the defendant. It tended, even if slightly, to show that an actual delivery of the cotton was intended by the parties.

3. The objection that the court admitted the indorsement on the contract to show the transfer, is not meritorious. There was proof of the genuine execution of the same by the Austin-Stephenson Company to plaintiff. The handwriting was properly shown.

4. The charge on the first issue as to the making of the contract by the parties was correct. The court told the jury that the evidence must be believed by them and produce in their minds a conviction that the contracts were made as alleged by the plaintiff, before they were authorized to answer the issue in favor of the plaintiff, and if it did not produce such a conviction, they should answer the issue "No"; if it did, their answer would be "Yes." This is sufficient, as the judge, later in the charge, distinctly placed the burden of that issue upon the plaintiff.

5. This exception is that the charge on the third issue, as to whether the contracts were founded upon a gaming consideration

—a dealing in "futures"—was also sufficiently full and explicit. The burden was put upon the plaintiff to establish that they were not, or the negative of the issue, in accordance with the terms of the statute, Revisal, secs. 1689, 1690, 1691. The charge, in substance and effect, was that, if the jury believed the evidence and were convinced thereby that the parties to the contracts really and in good faith contemplated an actual delivery of the cotton, and that they were not merely gambling transactions under the guise of fair and lawful dealings between them, they should answer "No"; otherwise, their answer should be "Yes, that they were gambling contracts, forbidden by law." This, while briefly expressed, was sufficient, and the jury could not well have failed to understand from it what was the law of the case. We think the instruction stated the general rule correctly. The contract, by its terms, not disclosing any gambling element, the matter is to be settled by ascertaining the true underlying purpose of the parties. Was it the intention of both parties that the cotton should not be delivered, and did they conceal in the deceptive terms of a fair and lawful contract, a gambling agreement, by which they contemplated no real transaction as to the article contracted to be delivered? *Edgerton v. Edgerton,* 153 N. C., 167; *Harvey v. Pettaway,* 156 N. C., 375; *Rodgers v. Bell, ibid.,* 378; *Burns v. Tomlinson,* 147 N. C., 645; *Rankin v. Mitchem, supra.* Of course, the law deals only with realities and not appearances—the substance and not the shadow. It will not be misled by a mere pretense, but strips a transaction of its artificial disguise in order to reveal its true character. It goes beneath the false and deceitful presentment to discover what the parties actually intended and agreed, knowing that "the knave counterfeits well—a good knave." It always rejects the ostensible for the real in looking for fraud or a violation of law. The essential inquiry, therefore, in every case is as to the necessary effect of the contract and its true purpose. We said in *Edgerton v. Edgerton, supra:* "The form of the contract is not conclusive in determining its validity, when it is assailed as being founded upon an illegal consideration, and as having been made in contravention of public policy. If under the guise of a contract of sale, the real intent of the parties

is merely to speculate in the rise or fall of the price, and the property is not to be delivered, but only money is to be paid by the party who loses in the venture, it is a gambling contract and void." The rule is fully stated in 20 Cyc., 930. See, also, *Williams v. Carr*, 80 N. C., 295; *S. v. McGinnis*, 138 N. C., 724; *S. v. Clayton, ibid.*, 732. The principle was strongly and tersely expressed by the Court in *Dillaway v. Alden*, 88 Me., 230: "When, however, there is no real transaction, no real contract for purchase or sale, but only a bet upon the rise or fall of the price of a stock, or article of merchandise in the exchange or market, one party agreeing to pay, if there is a rise, and the other party agreeing to pay if there is a fall in price, the agreement is a pure wager. No business is done—nothing is bought or sold or contracted for. There is only a bet." Other cases on the subject are cited in *Harvey v. Pettaway, supra*. We think the court stated this rule substantially at least.

6. The defendant objected because the court instructed the jury that "if they believed the evidence" their answer to the seventh issue should be "Yes." That issue related to the corporate power of Keen Company to make the contracts. The words, "if you believe the evidence," are specially assigned as error, on the ground of being a direction of the verdict; but we do not think it can be so construed. The evidence was all one way, and, besides, was practically undisputed. There was but one inference to be drawn from it, and while we have often said that another form of expression is more desirable, the resort to such words is not reversible error if it has worked no prejudice. There was no harm done in this case to the defendant by the use of these words, even if we are unable to commend them for general adoption. In *Merrell v. Dudley*, 139 N. C., 58, *Justice Brown* (referring to this subject) said: "The plaintiff also excepts to certain expressions used by the judge below in charging the jury. 'If you believe from the evidence' is an expression urged upon our attention by the plaintiff as erroneous and prejudicial. It is true that the language is inexact, and this form of expression should be eschewed by the judges in charging juries. This Court has heretofore called attention to it in a number of cases.

We do not regard the use of such language as reversible error unless it clearly appears that the appellant was probably prejudiced thereby, which does not appear to us in this case. We trust the judges of the Superior Court will in future be advertent to these views as repeatedly expressed by this Court," citing cases. See *S. v. Godwin,* 145 N. C., 461, and cases cited; *S. v. Simmons,* 143 N. C., 613; *S. v. Railway Co.,* 145 N. C., 570, and same case (second appeal), 149 N. C., 508. We have again called attention to the settled view of the Court upon this matter, with the hope that it will be followed in charging the juries, even if a failure to do so will not always be reversible error, and never so unless the objecting party has been prejudiced in some way. It is always safer and better to follow the precedents.

Upon a consideration of the whole case, no fatal error appears.

No error.