STATE v. SAMUEL FREEMAN.

*Larceny of Money—Recent Possession—Judge's Charge.*

1. The evidence in this case was sufficient to warrant the jury in finding a verdict of guilty.

2. Indictment charged the larceny of "thirty dollars in money," and the proof was that defendant stole "three ten dollar bills"; *Held,* no variance. THE CODE, §1190.

3. Where, in such case, the court, in reference to the ten dollar bill found in defendant's possession recently after the theft, charged the jury that if they were satisfied it was one of the bills stolen, its possession by the defendant (although no presumption against him) was a fact which they might consider with the other testimony in the case; and if they found it was not a part of the money stolen, they should dismiss that fact from their consideration in passing on the other testimony; *Held,* that the charge is as favorable to the defendant as he had a right to expect, and his exception thereto is groundless.

INDICTMENT for larceny tried at Fall Term, 1883, of BUN-COMBE Superior Court, before *Gudger, J.*

The prosecution was commenced in the inferior court before T. F. Davidson, chairman, and associates, where the defendant was convicted, and from the sentence pronounced appealed to the superior court.  In the latter court, His Honor reviewed the matters of law raised on the trial below and sent up with the statement of the case, and affirmed the judgment, from which the defendant appealed.

*Attorney-General,* for the State.

No counsel for the defendant.

ASHE, J. The defendant was charged with stealing "one purse and thirty dollars in money, and a trunk key, of the goods, chattels and moneys of one Fannie P. McGill."

On the trial in the inferior court, it was in evidence that the defendant was in the employment of one Wedden, who was the proprietor of a livery stable and line of hacks, and that on the —— day of ——— 1883, he was sent by his employer to a house in Asheville, with a vehicle to get some baggage to be carried to the train passing Asheville that afternoon. When he went to the house where the baggage was, he was accompanied by a man named Williams. A young lady, from whom the property was alleged to have been taken, was in a room, partially undressed, sitting on the floor writing, with her writing materials and purse, containing three ten dollar bills, some small bills and a key, on the floor near her. Hearing persons approaching the room in which was the baggage, she hastily stepped in an adjoining room, where she remained until two men had carried out the baggage. She returned, resumed her writing, and in a half hour or so thereafter missed her purse. No one had been in the room since she left it except the two men who came for the baggage.

Williams, who accompanied the defendant, testified, that as they went in the room the defendant stooped down, as if to pick up something on the floor, and exclaimed, "Oh, hell!"

The state then offered to prove by one Levi, that some three or four hours after this, the defendant came to his store and purchased some goods, and gave witness a ten dollar bill, from which he took the amount due him. The bill was torn almost across, and there was no evidence whether any of the bills stolen were torn or not. This testimony was objected to, but admitted.

The witness Williams was under indictment for the same offence, but in a separate bill.

The court charged the jury that if they were satisfied the defendant stole the money as alleged, it was their duty to so find, even if they were convinced that the man Williams participated in the commission of the crime. The defendant excepted.

Defendant asked the court to instruct the jury that there was no evidence sufficient to warrant a conviction. The court declined, and the defendant excepted.

He then asked the court to charge the jury that he could not be convicted under the bill, as it charged the stealing thirty dollars in money, and the proof of stealing three ten dollar bills was not sufficient. Refused, and defendant excepted.

The court, in reference to the ten dollar bill in the possession of the defendant recently after the larceny, charged the jury that if they were satisfied it was one of the bills stolen, its possession by the defendant, while it raised no presumption of his guilt, was a fact which they might consider, with the other facts in their inquiry, as to who was the thief. That the defendant had offered testimony, which he insisted was sufficient, to show that the bill passed by him was not a portion of the stolen property; and if they concluded that it was not a part of the money lost, they would dismiss the fact entirely from their consideration, and confine their investigation to the other facts embraced in the other testimony in the case.

We are not informed, and we do not perceive upon what ground the first charge of the court to the jury was excepted to, and the second charge was as favorable to the defendant as he had any right to expect or demand. And then the exceptions taken to the refusal of the court to give the instruction asked are so trivial that it must be they were taken with no expectation of being sustained, but for the purpose of postponing the " evil day."

As to the first exception, we think the evidence was amply sufficient to warrant the jury in finding a verdict of " guilty."

And as to the other exception, in reference to the instructions refused with regard to the proof of stealing *three ten dollar bills*, which it was contended was a variance from the charge in the bill of stealing *thirty dollars in money* : All that is necessary in a bill of indictment for the larceny of money or United States treasury notes, or any note of any bank whatever, is to describe it as

*money*, and such allegation, so far as regards the description of the property, shall be sustained by proof of any amount of coin or treasury note, or bank note, although the particular species of coin of which such an amount was composed, or the particular nature of the treasury note or bank note, need not be proved. The Code, §1190.

Under this section, the description in the bill of indictment of the property stolen, *as thirty dollars in money*, is a good averment, and, by the provisions of the same section, it will be sustained by proof that it was a bank *note* or treasury note that was stolen, and it would be the same if it was called in the evidence a ten dollar bill, for that description embraces a treasury note as well as a bank note of that description. In common parlance they mean identically the same thing. When one speaks of a *ten dollar bill*, it is universally understood he means a bank bill of the denomination of ten dollars, or a treasury note of the same denomination. There is no other institution that we are aware of, besides banks, which issue what are called "bills," to be used as current money. Three *ten dollar bills*, then, must be taken to be three *bank* notes of the denomination of ten dollars, and, under the act of 1876-7, the proof offered in the case of the loss of three ten dollar bills sustains the indictment, and there is no variance.

There is no error. Let this opinion be certified to the superior court of Buncombe county, that a certificate may be issued by that court to the inferior court of that county, to the end that it may proceed with the case according to law.

No error. Affirmed.