STATE v. J. COY.

*Indictment for Larceny—Larceny—Felonious Intent.*

Where, on the trial of one charged with larceny, it appeared that the offence was committed in the known presence of the owner of the property, and the defendant claimed that his offence was only a forcible trespass, it was error to refuse to submit to the jury the question of felonious intent.

INDICTMENT for larceny, tried before *Bryan, J.,* and a jury, at Spring Term, 1896, of POLK Superior Court.

On the trial, Andrew Erwin, the prosecutor, testified that about a month before Christmas, 1895, he lost three chickens. His wife told him somebody was among his chickens. "I was rocked, and my house was rocked, in the night time. I saw Jake Coy and Henry Holbut take the chickens. They knocked them out of the cedar trees. I never got the chickens back. I ran them to the fence. Holbut told Jake to get the axe. I spoke to them. Jake Coy said, 'Don't blame this on Henry. He is at home in bed.' My wife awoke me, and said, 'Somebody is running your chickens.' They were after the chickens when

STATE *v.* COY.

I went out. I was well acquainted with Jake Coy and Henry Holbut. When I went to the door they were throwing rocks at my chickens in the cedar trees. I had a light when I went to the door. I spoke to them, and called them by name, and told them not to take my chickens." On cross-examination, the witness testified that he was well acquainted with Coy and Holbut, and they knew him well ; that, when he went to the door, they were throwing rocks at his chickens in the cedar trees near his house. He had a light, and spoke to them, and called them by name, and told them not to take his chickens. They rocked him. He stood in the door and forbade them to take his chickens ; saw them knock his chickens out of the trees ; ran after them to catch them. "They knew me, and knew I saw them taking the chickens." Defendants asked no written instructions, but insisted that, from the testimony, he was not guilty of larceny, but of forcible trespass. The court ruled otherwise, and charged the jury that, if they believed the evidence, the defendant was guilty of larceny. The defendant excepted to the charge, and appealed from the judgment pronounced, which was that the defendant be imprisoned in the State Penitentiary for 12 months.

*Attorney General*, for the State.
*Mr. Wm. J. Montgomery*, for defendant (appellant).

FAIRCLOTH, C. J.   Indictment against the defendant for stealing chickens of Andrew Erwin.   The prosecutor testified that he saw defendant and Henry Holbut take and carry off his chickens.   They knocked them out of cedar trees.   He went to the door with a light.   They rocked him and his house.   He ran them to the fence and ordered them not to take his chickens.   He said he was well acquainted with both the parties and called them by name.

He said on cross-examination that they knew him well. Ae saw them knock his chickens out of the tree. They knew him and knew that he saw them taking the chickens. On trial the defendant insisted that he was not guilty of larceny but of forcible trespass. His Honor held otherwise, " and charged the jury that if they believed the evidence the defendant was guilty of larceny." Exception, and an appeal by defendant.

The defendant's argument is that the court ought to have submitted the evidence on the question of a felonious intent to the jury, with instructions as to the law arising upon the evidence, taken as true. It has been held since the time of Sir Matthew Hale to the present that to constitute the crime of larceny a felonious intent is an indispensable ingredient. The distinction between larceny and forcible trespass is clear as a legal proposition, but sometimes it is somewhat difficult to draw the line upon a given state of facts. In this case the offence was committed in the known presence of the owner. In all cases, secrecy *clam et secrete*, is evidence of a felonious intent, and in many it is held to be indispensable to establish larceny as distinguished from trespass. What is meant by felonious intent is a question for the court to explain to the jury, and whether it is present at any particular time is for the jury to say. *State* v. *Sowls*, Phillips 151 ; *State* v. *Powell*, 74 N. C., 270 ; *State* v. *Ledford*, 67 N. C., 60 ; *State* v. *Gaither*, 72 N. C., 458.

In *State* v. *Powell*, 103 N. C., 424, this Court held that secrecy is evidence of a felonious intent, but is not the only evidence of such intent. There may be various circumstances which so complicate the question, that the question of intent must be left to the jury under instructions from the court, upon the principle of resolving reasonable doubt in favor of the defendant. While there is no

conflict in the evidence, and assuming it to be true, the question of intent is an important and material one, to be ascertained by the jury, and we think the evidence should have been submitted to the jury as to whether the defendant had a felonious intent at the time of taking the property.

The unlawful intent cannot be presumed from the undisputed evidence of the State in criminal actions. The plea of not guilty denies its credibility and the presumption of innocence can be overcome only by the verdict of a jury. *State* v. *Riley*, 113 N. C., 648.

New trial.