STATE v. MILTON BARRETT.

(Decided December 13, 1898.)

*Larceny—Felonious Intent—Judge's Charge.*

1. Larceny is a felony, and a charge is fatally defective, that does not submit the question of felonious intent to the jury, as that is one of the necessary ingredients of larceny.

2. The proper expression to be used in a charge to the jury should be: "if you find from the evidence such to be the fact, or facts" instead of: "if you believe such a fact or facts" which is often, but improperly used.

INDICTMENT, larceny of an axe, tried before *Greene, J.,* at Spring Term, 1898, of UNION Superior Court. The evidence was circumstantial, of which possession by the defendant was the principal circumstance against him.

The charge of his Honor was very brief and is given in full in the opinion. Exception by defendant.

Verdict of guilty; judgment and appeal.

*Messrs. Armfield & Williams,* for defendant (appellant).

*Mr. Zeb V. Walser, Attorney General,* for the State.

FURCHES, J.: This is an indictment for the larceny of an axe. The defendant had been in the employ of the prosecutor who was a saw-mill owner, and sometime after the defendant left the prosecutor's employment he missed an axe. He testified that he did not know the axe was stolen, and, if it was stolen, he did not know that the defendant had stolen it.

But there was evidence tending to show that sometime after defendant left the prosecutor, he went to

work for one Shannon and carried with him an axe; and there was evidence tending to show that the axe he carried with him to Shannon's was the axe that belonged to the prosecutor, and the one that he said he had lost. The defendant alleged, in explanation of his possession, that he traded for the axe, and got it from a strange negro from South Carolina. Upon this evidence the court charged the jury as follows:

"If you believe from the evidence that the prosecutor missed an axe, and if you should believe that the axe described by the witness, Shannon, as in the possession of the defendant, was that axe of prosecutor, and believe all this beyond a reasonable doubt, you will bring in a verdict of guilty, otherwise you will acquit the defendant."

This was the whole charge, and the jury "brought in" a verdict of guilty. Defendant excepted and appealed.

The charge is fatally defective for the reason that it does not submit the question of felonious intent to the jury, which is one of the necessary ingredients of larceny. *State* v. *Coy*, 119 N. C., 901, and cases there cited. For this error the defendant is entitled to a new trial.

We have before called attention to the careless manner in which juries are often charged—"if you believe" such a fact or facts, when the charge should be, "if you find from the evidence" such to be the fact or facts. This manner of charging the jury is probably the result of carelessness of expression. But it should not be indulged in, as there is a substantial difference in the two manners of charging the jury. A juror may very well *believe* a thing is so, when he would not be willing to *find that it was a fact established by the evidence.*

For the error pointed out in the charge, there must be a
New trial.