### MERRELL v. DUDLEY.

(Filed September 19, 1905).

*Malicious Prosecutions—Res Gestae—Instructions—Malice.*

1. In an action for malicious prosecution, the declarations of defendant at the time he sued out the warrant of arrest and accompanying that act, are competent as part of the *res gestae,* and also as corroborative testimony.

2. The expression of the trial judge in charging the jury, "If you believe from the evidence  *  *  *  " is inexact and should be eschewed, yet the use of such language is not reversible error unless it clearly appears that the appellant was probably prejudiced thereby.

3. In an action for malicious prosecution, a charge that malice may be inferred by the jury from a want of probable cause and "other circumstances" does not mean that both a want of probable cause as well as corroborating circumstances are required to prove malice.

MERRELL *v.* DUDLEY.

ACTION for malicious prosecution by C. A. Merrell, by his next friend, against Thomas Dudley, heard by *Judge J. L. Webb* and a jury, at the Spring Term, 1905, of the Superior Court of CARTERET County. From a judgment for the defendant, the plaintiff appealed.

*Chas. L. Abernethy* for the plaintiff.
*D. L. Ward* and *L. I. Moore* for the defendant.

BROWN, J. The evidence tends to prove that the defendant lost a shovel and after looking for it for several days he was informed the shovel was in the possession of the plaintiff. He went to the plaintiff and asked him to bring the shovel back. The plaintiff used insulting language to the defendant and did not return the shovel. The defendant then went to Magistrate Springle and asked him what to do. After some preliminaries, the magistrate advised the defendant to take out a warrant. At the time the defendant applied to the magistrate to know what to do, he stated that he had found the shovel in the possession of Merrell and asked him to bring it back. Merrell did not bring back the shovel until the day of the trial, when he produced the shovel which was turned over to the defendant, and the case was dismissed. The magistrate wrote the warrant after advising the defendant to take that course.

The justice of the peace, Springle, was permitted to testify over plaintiff's objection, upon cross-examination by defendant, that defendant had told him at the time he issued the warrant that he had found the shovel in the possession of Merrell and asked him to bring it back, and Merrell said, "to hell with the shovel."

1. It is generally true that the declarations of a party to an action are not competent in his own behalf. When they are corroborative it is permissible to admit them, but the judge should explain to the jury the character of such

evidence and the weight to be given to it. This was not done in this case, but no exception has been taken by the plaintiff to the omission. It appears from the record that the examination of defendant Dudley preceded this part of the cross-examination of Springle, and the testimony was properly admitted both as corroborative and as a part of the *res gestae.* This declaration is original evidence as part of the *res gestae.* Declarations or acts accompanying any act or transaction in controversy and tending to explain or illustrate it are received in evidence as a part of the *res gestae. Doorman v. Jenkins,* 29 E. C. L., 80; *Trav. Ins. Co. v. Moseley,* 8 Wall., U. S., 397. The act or transaction in controversy in this case is the wrongful, malicious suing out the warrant of arrest without probable cause. The declarations of defendant at the time he sued out the warrant and accompanying that act are, therefore, a part of the "thing done." The circumstances, facts and declarations which grow out of the main fact are contemporaneous with it, and serve to illustrate its character. This exception and the other exceptions to the evidence are untenable.

2. The plaintiff also excepts to certain expressions used by the judge below in charging the jury: "If you believe from the evidence * * * " is an expression urged upon our attention by the plaintiff as erroneous and prejudicial. It is true that the language is inexact, and this form of expression should be eschewed by the judges in charging juries. This court has heretofore called attention to it in a number of cases. *Barrett's case,* 123 N. C., 753; *Green's case,* 134 N. C., 661; *Wilkie v. Railroad,* 127 N. C., 203; *Sossamon v. Cruse,* 133 N. C., 470. In the latter case, *Mr. Justice Walker* has pointed out with clearness the objection to this form of expression.

We do not regard the use of such language as reversible error unless it clearly appears that the appellant was probably prejudiced thereby, which does not appear to us in this case.

We trust the judges of the Superior Court will in future be advertent to these views as repeatedly expressed by this court.

3. Malice may be inferred by the jury when a want of probable cause for the prosecution is shown to their satisfaction. *Kelly v. Traction Co.*, 132 N. C., 369. His Honor so charged the jury and said further that malice may be inferred from "other circumstances." A jury is not compelled to infer malice from a want of probable cause. They may do it and so they may look for other circumstances. In using the words "other circumstances," in the same sentence and connection in the charge, we do not think His Honor should be interpreted as meaning that both a total want of probable cause as well as corroborating circumstances are required to prove malice.

The several exceptions set out in the record have been carefully examined, and we find nothing in them which renders a new trial necessary. The judgment is therefore

Affirmed.