G. E. HAWK v. THE PINE LUMBER COMPANY.

(Filed 5 November, 1908).

Defendant's Appeal.

1. **Instructions—Credibility of Witnesses—Questions for Jury.**
   An instruction which deprives the jury of the right to pass upon the credibility of the witnesses is properly refused.

2. **Appeal and Error—Both Parties Appeal—New Trial.**
   When a new trial has been granted by the Supreme Court in the appeal of one of the parties. litigant, the appeal in the same action by the other party will be dismissed.

ACTION tried before *Neal, J.,* and a jury, November Term, 1907, of CRAVEN.

*W. D. McIver* and *D. L. Ward* for plaintiff.

*W. W. Clark, Simmons, Ward & Allen* and *Moore & Dunn* for defendant.

WALKER, J.  This is an appeal by the defendant, from the refusal of the Court to grant a new trial, because the Court refused to give the jury, as requested to do so by his counsel, the following instruction: "Upon the whole evidence, you will answer the eighth issue 'Yes.'"  The issues are set out in the plaintiff's appeal and reference is made thereto.  The request was not in proper form, as it deprived the jury of the right to pass upon the credibility of the witnesses.  *Mfg. Co. v. R. R.,* 128 N. C., at pp. 284, 285, and cases cited; *Merrell v. Dudley,* 139 N. C., 57.  The burden of the eighth issue was upon the defendant.

But we will not decide the case upon the inaccurate and disapproved form of the prayer.  If we did so, it would affirm the judgment in this appeal.  In the plaintiff's appeal we have directed a new trial, as to all the issues, and this appeal, therefore, becomes unnecessary, for the defendant will get what it is asking for by our giving a new trial in that appeal.  Therefore, the proper course now is to dismiss this appeal.

Appeal dismissed.