STATE v. ROBINSON ROGERS, LEE ROGERS AND WALDO McCRACKEN.

(Filed 27 May, 1914.)

1. **Public Officers—Criminal Law—Arrest—Warrant—Offense Committed in Presence.**

    An officer may not make an arrest without a warrant except for offenses committed in his presence, and then he should make known to the offender that he is an officer authorized to make the arrest.

2. **Public Officers—Criminal Law—Homicide—Arrest—Trials—Burden of Proof—Instructions—Several Motives—Presumption of Innocence.**

    Where upon the trial for homicide the defense is interposed by the defendants that they killed the deceased in the perform-

ance of their duties as officers authorized to make an arrest in a manner justifiable, or that they had not shot the deceased, and were not responsible for his death, the question of guilt is for the jury to determine, under conflicting evidence, in accordance with how they should ascertain the facts to be, with the burden on the State of proving the defendants guilty beyond a reasonable doubt.

### 3. Judge's Charge—Two Motives Inferable—Jury.

The defendants are not entitled to an instruction that where there are two or more motives for the crime committed the humanity of the law will ascribe it to that which is not criminal.

APPEAL by defendants from *Ferguson, J.,* at September Term, 1913, of HAYWOOD.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Bryson & Black, John M. Queen, and John M. Stamey for defendants.*

CLARK, C. J. This is a conviction for manslaughter. The defendants were here on a former appeal, 162 N. C., 656. The defendant Rogers was the marshal of the town of Clyde and his codefendant had been deputized by him to assist in maintaining order at the time of the occurrence.

Exceptions 1, 3, and 5 present the question of the right of the defendants to arrest the deceased without a warrant for a previous disturbance which had occurred downtown.

That an officer cannot arrest without a warrant for a breach of the peace previously committed is well settled. *S. v. Campbell,* 107 N. C., 948, where the Court said: "After the offense, the emergency requiring such prompt and summary action having passed by, the justice of the peace or other proper officer should, upon proper affidavit, issue a State warrant for the offenders." An arrest without warrant should be attempted only when the offense is committed in the officer's presence. *Sossamon v. Cruse,* 133 N. C., 470; *S. v. McAfee,* 107 N. C., 812; *S. v. Hunter,* 106 N. C., 796; *S. v. Freeman,* 89 N. C., 469.

Exception 2 is that the court charged that if the deceased was drunk at the time of the arrest the officer might have arrested him if he had made himself known as such. But the right to

make an arrest without warrant imposes upon the officer the duty to make himself known as such at the time; and if he fails to do so, the arrest is illegal, and may be lawfully resisted, unless the person arrested knows that he is an officer. *S. v. Rollins,* 113 N. C., 722. In the present case the defendant was making an arrest in the night-time with a deadly weapon, without a warrant, and, according to testimony of the State's witnesses, when no offense was being committed at the time. *S. v. Medlin,* 60 N. C., 489.

Exception 4 was abandoned in this Court. Exception 6 is to the refusal of request to charge that "where an act may be reasonably attributed to two or more motives, one criminal and the other not, the humanity of the law will ascribe it to that which is not criminal." This was said in *S. v. Hawkins,* 155 N. C., 466, which was a prosecution for entering a certain house at night with the intent to commit larceny, and the intent was the gravamen of the charge, in which case this Court sustained the conviction. The remark in *S. v. Hawkins, supra,* is quoted from *S. v. Massey,* 86 N. C., 660, and is there taken from the dissenting opinion in *S. v. Neely,* 74 N. C., 425; but it does not bear the meaning which the defendants seem to attribute to it, that when upon the evidence, if the jury believe it one way they should find the defendant not guilty, and if the contrary belief prevails the jury would find the defendant guilty, they must find, according to the humanity of the law, that he is not guilty.

What was really meant is thus stated by *Ruffin, J.,* immediately after quoting from *S. v. Neely* (86 N. C., at p. 661): "Every man is presumed to be innocent until the contrary is proven, and it is a well established rule in criminal cases that if there is any reasonable hypothesis upon which the circumstances are consistent with the innocence of the party accused, the court should instruct the jury to acquit, for the reason that the proof fails to sustain the charge. The guilt of a person is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence." This is simply the statement of the unquestioned law that a man must be acquitted unless he is found guilty beyond a reasonable doubt, or to the satisfaction of the jury. It is not intended to control the find-

ing of the jury as to the facts by holding that when the evidence for the defendant and the evidence for the State conflict they must take the evidence that is most charitable to the accused. What the circumstances are is for the jury to determine.

What was said in *S. v. Massey* and *S. v. Hawkins, supra,* has no application in the present instance, where the contentions of the defendants are that neither of them fired the fatal shot, and that if either of them did so they had a right to do so, as the deceased was resisting an arrest and that they had a right to arrest him without a warrant, because he was drunk at the time. Under the charge, in connection with the evidence, the jury found them guilty, because the defendants were attempting to arrest the deceased without warrant for a matter which had occurred previously and at another place, and killed him for resisting. It was a question of fact as to the circumstances, and not one of intent.

Exceptions 7, 8, 9, and 10 are for refusals to charge as requested and as to the proof necessary to convict, and an examination will show that so far as these prayers were correct they were substantially and correctly given in the charge.

The deceased came to his death from gunshot wounds at a schoolhouse where an entertainment was being held. By the evidence for the State the deceased came there from the direction of the town of Clyde, about 10 p. m., riding at a moderate gait and peaceably. The defendants came out of the schoolhouse with pistols in their hands, and some one said: "There he is; catch him." The defendant McCracken went up to him with pistol in his hand and caught his horse by the bridle with his left hand and presented his pistol, saying, "I have got you." The firing then began. The deceased rode off about 50 yards and fell off his horse. There was much evidence to this effect, and there was evidence for the defendants. The jury evidently found, under the charge, that the above was the state of facts and that the defendants attempted to arrest deceased for some disturbance of the peace that he had previously made that day in the town of Clyde, without having a warrant and without telling him that they were officers. We do not find any error.

There were no exceptions to the evidence or otherwise, except to the charge and to the refusal to charge, as above stated.

The evidence was thoroughly argued to the jury, who found the defendants guilty under a careful and correct charge of the court in which we find

No error.