### J. B. BRITTAIN v. SOUTHERN RAILWAY COMPANY.

(Filed 9 December, 1914.)

**Railroads—Negligence—Employees—Willful and Reckless Acts—Trials—Evidence—Nonsuit.**

The plaintiff, at the request of an employee of the defendant railroad company, was on the ground assisting him in lifting a 500-pound keg down from the car, while another employee in the car was helping from that place. A hoop of the keg in some way caught in the side of the car door, and owing to the efforts of the employee in the car in helping to free it, the keg came loose and fell upon the plaintiff, causing the injury complained of. The question of the defendant's negligence being eliminated, it is *Held,* that the evidence was insufficient to sustain a judgment for exemplary damages for the willful or reckless acts of the defendant's employee; and if it were otherwise, the judgment rendered could not be sustained, there being no finding that the defendant was responsible for the willful or reckless acts of its agent, if any were committed by him.

APPEAL by defendant from *Long, J.,* at June Term, 1914, of BURKE.

Action for the recovery of damages for personal injury. It appeared on the trial that the plaintiff was not in the employ of the defendant at

the time of his injury, but he testified that some of the train crew in charge of a local freight train, moving east from Biltmore, had agreed that he might work his way to his home at Morganton if he would aid in loading and unloading freight while en route from Biltmore to Morganton, and that pursuant to this agreement he was helping two other hands to unload a barrel of coca-cola from the car at Old Fort when he was injured. The testimony of the plaintiff in regard to the circumstances accompanying the injury is as follows:

"I think we arrived at Old Fort about 11 o'clock. We unloaded some freight there. We unloaded a small galvanized barrel and got to this barrel of coca-cola. One of the fellows told me to unload it. He was one of the men in charge of the train. I think it was the conductor. When given that direction, I went and took hold of the barrel. The barrel was in the car and the car was about 15 feet from the platform of the depot. The fellow in the car had laid the end of the barrel hanging out over the car a little bit. The depot at Old Fort is on the right hand, going up. There was a fellow in the car of this local, and one on the ground helping to carry. The man in the car was putting the freight to the door, and the man on the ground and myself were carrying the freight to the platform. When we came to the barrel of coca-cola the man in the car told me to help carry it to the depot. He pushed it to the door. It was lying in the door. We got hold of it end up and the barrel got hung. I was on the upper side, and the other fellow was on the lower side. I was up towards Asheville, standing up close to the door. The barrel was out of the car, end foremost, and got hung, and we could not get it loose. The fellow in the car shoved it out, and it fell over on me. I had no notice about his shoving it out. He took his hand and shoved it out. The weight of the barrel was 500 pounds, I think. It fell on my right leg and crushed and broke it. When the man in the car shoved it, we two men outside was working trying to get it loose, and the man in the car just shoved it out. I did not know whether he was going to do it or not. When he shoved it, it was pretty straight in the door, and one of the hoops got hung in the edge of the door, and could not get it loose. I did not get out of the way of the barrel because I could not. It went out too quick for me, I guess."

On cross-examination: "The barrel of coca-cola came out of the car endways. It was not standing up; the end sticking out the door. Me and the fellow that was carrying it had hold of that end. We both had hold with two hands. The fellow in the car headed it up and turned it loose. It got hung and we could not get it loose, and he shoved it out. I had not gone a step before the barrel finally came out. I could not have taken a step with the barrel, for it was in the car and hung. I think a barrel of coca-cola weighs about 500 pounds."

The jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: "No."

2. If the plaintiff was injured by the negligence of the defendant, as alleged in the complaint, what damages, if any, is the plaintiff entitled to recover? Answer: "None."

3. Was the plaintiff injured by reason of the reckless and willful acts and conduct of defendant's brakeman, H. C. Smith, as alleged in the complaint? Answer: "Yes."

4. If the plaintiff was so injured by reason of the reckless and willful acts and conduct of defendant's brakeman, what damage, if any, is the plaintiff entitled to recover on this account? Answer: "Yes; $500."

It appearing that the plaintiff was not an employee or servant of the defendant, the court instructed the jury to answer the first and second issues in favor of the defendant.

When the plaintiff rested, and again at the close of the entire evidence, the defendant entered a motion for judgment of nonsuit, which was denied, and to these rulings the defendant excepted.

The defendant asked the court to instruct as follows:

1. "If the jury believe the evidence in this case and find the facts to be as testified to, they will answer the third issue 'No.'"

2. "There is no evidence in this case tending to show that the plaintiff was injured by reason of any willful or wanton act on the part of the defendant's brakeman, H. C. Smith, and the jury will, therefore, answer the third issue 'No.'"

3. "On the evidence in this case, the jury will answer the third issue 'No.'"

The court declined all of these requests, and the defendant excepted to this refusal.

There was a judgment in favor of the plaintiff, and the defendant appealed.

*Spainhour & Mull for plaintiff.*
*S. J. Ervin for defendant.*

ALLEN, J. Negligence being eliminated by the answer to the first issue, the question raised by the motion to nonsuit and by the exceptions to the refusal to instruct the jury as requested is whether there is any evidence to support the finding on the third issue, that the plaintiff was injured by the reckless and willful acts and conduct of defendant's brakeman.

If the brakeman shoved the barrel of coca-cola on the plaintiff willfully and recklessly and injured him, he is guilty of a violation of the

criminal law, and the words used in the issue have the same import and should receive the same construction as if embodied in a criminal statute.

In *S. v. Whitener,* 93 N. C., 592, which was approved in *S. v. Morgan,* 136 N. C., 630, the Court said: "The word willful, used in a statute creating a criminal offense, means something more than an intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it, without authority—careless whether he has the right or not—in violation of law"; and recklessness is defined to be an indifference whether wrong is done or not, an indifference to the rights of others.

It is a stronger term than negligence. 7 Words and Phr., 5999. Applying these principles, we are of opinion there is no evidence of recklessness or willfulness.

According to the evidence of the plaintiff, he and another were on the ground pulling the barrel and the brakeman was in the car pushing, the barrel caught and the combined efforts of those on the ground and of the brakeman finally freed it and forced it through the door, and it struck the plaintiff in falling.

There is nothing to suggest indifference to the safety of the plaintiff or anything except a purpose to aid in the removal of the barrel, and no extraordinary or unusual means were resorted to.

As was said in *Seagroves v. Winston, ante,* 206, "Circumstances raising a possibility or conjecture, unless sustained by other evidence, should not be left to the jury as evidence of a fact which a party is required to prove."

If, however, there was evidence to support the findings of the jury, the verdict is not sufficient to sustain the judgment, as there is no issue determinative of the defendant's liability.

It is found that the brakeman of the defendant injured the plaintiff, but there is nothing to show that the defendant is responsible for his acts, and it is not every act of a brakeman which imposes liability on his employer.

The motion to nonsuit ought to have been allowed.

Reversed.