A. N. SCOTT v. C. F. CATES.

(Filed 10 April, 1918.)

1. **Same—Defense—Killing—Burden of Proof—Appeal and Error—Instructions—Trials.**

   One may not unnecessarily injure dogs of another, though they are trespassing on his lands; and in an action against him for damages, wherein it is shown that he shot and killed the plaintiff's dog, and he alleges that it was necessary for the protection of his turkeys, the burden is on the defendant to show matters in excuse, and it is reversible error for the court to instruct the jury to the contrary.

2. **Animals—Protection—Dogs—Damages—Rule of Prudent Man.**

   The owner of a dog may recover damages for its unlawful killing by another, except when such appears to be necessary, under the rule of the prudent man, to protect his domestic animals. *State v. Smith,* 156 N. C., 628, cited and applied.

APPEAL by plaintiff from *Connor, J.,* at the September Term, 1917, of ALAMANCE.

This is an action to recover damages for killing one bird dog and injuring another, belonging to the plaintiff.

The defendant admits in his answer that he shot at the dogs, and upon the evidence the fact that he killed one and injured the other is not in controversy.

He alleges as defense that the dogs were pursuing a flock of turkeys on his land at the time he shot, and he offered evidence tending to prove that it was necessary to shoot to preserve the turkeys from destruction.

There was also evidence tending to prove that the danger to the turkeys was not imminent and that it was not necessary to shoot the dogs.

His Honor charged the jury, among other things, as follows:

"Upon these allegations and denials, in order that the court may render a judgment in this case, it is necessary to ascertain whether or not the admitted shooting was unlawful and wrongful. This will depend upon how the facts are, and inasmuch as under our system of jurisprudence the jury ascertains the facts from the evidence, the court has formed an issue which is submitted to you in the form of a question, the issue being as follows: 'Did the defendant unlawfully and wrongfully shoot the dogs of the plaintiff as alleged in the complaint?' You will note that the determining words in this issue are 'unlawfully' and 'wrongfully,' there being no controversy that the defendant did shoot the dogs of the plaintiff.

("I instruct you that the burden of this issue is upon the plaintiff; that is, that unless the evidence offered by the plaintiff in this case, and by the defendant, satisfies you that the shooting was unlawful, you should answer this issue 'No,') and it is only in the event that you find the facts which the court instructs you must be found in order to make the shooting unlawful and wrongful by the greater weight of the evidence, that you would answer 'Yes.'"

The plaintiff excepted to the part of the charge in parenthesis.

There was a verdict and judgment in favor of the defendant, the jury having answered the issue read to them "No," and the plaintiff appealed.

*Thomas C. Carter for plaintiff.*
*Long & Long for defendant.*

ALLEN, J. It is the settled law of this State that an action may be maintained to recover damages for the unlawful killing or injuring of the dog of another, but if the dog is in pursuit of a domestic animal, and "if the danger to the animal, whose injury or destruction is threatened, be imminent or his safety presently menaced, in the sense that a

man of ordinary prudence would be reasonably led to believe that it is necessary for him to kill in order to protect his property, and to act at once, he may defend it, even unto the death of the dog, or other animal, which is about to attack it." *State v. Smith,* 156 N. C., 628, and cases cited in the opinion.

This is but an application of the doctrine of self-defense to the protection of property, and, as in homicides, the burden is on the defendant to prove matters of excuse to the satisfaction of the jury, the killing being admitted, the same rule prevails when it is sought to avoid liability for the destruction of property.

"The law esteems all private property sacred from the violent interference of others, and he who takes, injures, or destroys it, will be held a trespasser, until he shows a justification." *Hale v. Lawrence,* 47 A. D. (N. J.), 195.

The presence of the dogs on the premises of the defendant gave him the right to drive them away, but not to injure them unnecessarily, although trespassing. 3 C. J., 134; 2 Cyc., 418; 1 R. C. L., 1136.

It follows that it was erroneous to charge the jury that the burden was on the plaintiff to satisfy the jury that the shooting was unlawful and wrongful, instead of instructing them that the shooting being admitted, the burden was on the defendant to prove a legal excuse, as heretofore defined, to the satisfaction of the jury, and the error was very prejudicial to the plaintiff as the shooting was on the premises of the defendant, and the only evidence of the circumstances surrounding the shooting came from the defendant and his witnesses.

New trial.