## STATE v. CLEVELAND LOFTIN.

### (Filed 3 October, 1923.)

**1. Arrest—Police—Sheriffs—Officers—Warrants for Arrest.**

A policeman of a city is given the same authority as is vested by law in sheriffs (C. S., sec. 2642), and may arrest, without a warrant, a person in his presence violating the statute forbidding the operation of an automobile upon the streets by a person under the influence of intoxicating liquor. C. S., sec. 4506.

**2. Instructions—Jury—Belief of Evidence—Findings of Fact—Criminal Law.**

The verdict of a jury must not be solely based upon their belief of the evidence on the trial, but upon their findings of fact therefrom, and in criminal cases, beyond a reasonable doubt.

**3. Same—Appeal and Error—New Trials.**

The Court disapproves again an instruction for the jury to render their verdict upon their belief of the evidence, and where the evidence is conflicting, this instruction will be held for reversible error.

CRIMINAL ACTION, tried before *Grady, J.,* and a jury, at August Term, 1923, of LENOIR, on appeal from the recorder's court.

There were two warrants, one charging the defendant with operating an automobile while intoxicated or under the influence of intoxicating liquor, in violation of C. S., sec. 4506, and the other with unlawfully resisting an officer. In the Superior Court the cases were consolidated, and a verdict of not guilty was returned as to the operation of the automobile. In the other case, Richard Stroud testified in substance that he was a police officer; that the defendant spoke to him, went across Bright Street, entered a car and drove away; that Saunders, a constable, said the defendant was "too drunk to drive a car"; that the two officers followed the car around two blocks and into the defendant's back yard; that he approached the defendant and undertook to make the arrest and was assaulted by the defendant; that he had no warrant and thought the defendant was under the influence of liquor when he was driving the car.

There was evidence for the defendant tending to show that he was sober and was driving at a rate not exceeding six to ten miles an hour. Several witnesses were examined on each side.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Moore & Croom for the defendant.*

ADAMS, J. In section 2642 of the Consolidated Statutes it is provided that a policeman shall have the same authority to make arrests within the town limits as is vested by law in sheriffs; and a sheriff is authorized to arrest without a warrant any person who commits a misdemeanor in his presence. *S. v. Freeman,* 86 N. C., 683; *S. v. Hunter,* 106 N. C., 796; *S. v. McAfee,* 107 N. C., 812; *Sossamon v. Cruse,* 133 N. C., 470; *S. v. Rogers,* 166 N. C., 389. Therefore Richard Stroud, who was known to the defendant as a policeman of the city of Kinston, was authorized, although he had no warrant, to arrest the defendant within the corporate limits of the city for a breach of the statute forbidding the operation of an automobile upon the streets by a person under the influence of intoxicating liquor, if the breach was committed in the officer's presence. C. S., sec. 4506.

As to this proposition there seems to have been no controversy, but the defendant excepted to the instruction "that if the jury believe all the evidence they will find the defendant guilty of resisting an officer."

The phraseology of this instruction has frequently been disapproved. In *Sossamon v. Cruse, supra, Justice Walker* pointed out the objection in this language: "Before discussing what we regard as the principal and vital question in the case, we will call attention to the phraseology

of the second passage taken from the charge of the court. The jury is there told that if they 'believe from the evidence' the facts therein recited, the acts of the defendant did not constitute an assault. This Court has referred to this form of expression as being open to the objection that the jury might believe that certain facts existed when they would not be willing to find that they did exist, and that the law as given by the court to the jury should be based not upon their belief merely, but upon the facts as found by them under the rule of law as to the burden of proof and such proper instructions from the court as will enable the jury to intelligently weigh and apply the evidence. S. v. Barrett, 123 N. C., 753; Wilkie v. R. R., 127 N. C., 203." In Merrell v. Dudley, 139 N. C., 59, Justice Brown was equally explicit: "The plaintiff also excepts to certain expressions used by the judge below in charging the jury: 'If you believe from the evidence . . .' is an expression urged upon our attention by the plaintiff as erroneous and prejudicial. It is true that the language is inexact, and this form of expression should be eschewed by the judges in charging juries. This Court has heretofore called attention to it in a number of cases: S. v. Barrett, 123 N. C., 753; S. v. Green, 134 N. C., 661; Wilkie v. R. R., 127 N. C., 203; Sossamon v. Cruse, 133 N. C., 470." And in S. v. Singleton, 183 N. C., 739, Justice Stacy remarked: "We are again constrained to call attention to the fact that the form of expression, 'If you believe the evidence,' should be eschewed in charging the juries in both criminal and civil actions," citing Merrell v. Dudley, supra.

In Merrell's case, supra, Justice Brown made the further observation, "We do not regard the use of such language as reversible error unless it clearly appears that the appellant was probably prejudiced thereby"; and this ruling has been applied by the Court to cases in which only one inference was reasonably to be deduced from the evidence, as, for example, where only one witness testified to the transaction. It finds illustration in S. v. Murphrey, ante, 113, and the cases cited. There we said that because more than one inference could not reasonably be drawn from the evidence the expression, "If you believe the evidence," would not be held for reversible error, but we again noted disapproval and suggested that in criminal actions the accepted formula as to "reasonable doubt" should be followed—not "if the jury believe the evidence beyond a reasonable doubt," but "if upon all the evidence they are satisfied beyond a reasonable doubt of every element necessary to constitute the offense," etc.; for it is the duty of the trial judge in charging the jury to explain the constituent elements of the offense for which the defendant is indicted.

The defendant did not testify, but he introduced fourteen witnesses and the State eight. The evidence being conflicting and reasonably susceptible of more than one inference, certainly as to the defendant's

condition, his Honor's instruction—"if the jury believe all the evidence," etc.—was clearly prejudicial to the defendant.

In justice to the learned judge who tried the case, we note the fact that when the instruction complained of was given, the defendant had not been acquitted on the charge of operating his car while under the influence of intoxicating liquor.   There is

Error.