## STATE v. PERRY DICKENS.

(Filed 22 March, 1939.)

**1. Animals § 8—**

A dog is a useful beast or animal within the meaning of the statute making it unlawful to willfully injure, needlessly mutilate, or kill any useful beast or animal. C. S., 4483.

**2. Criminal Law § 2—**

The word "willful" as used in criminal statutes signifies more than the mere intention to do a thing, and means the commission of the act "without just cause, excuse, or justification."

**3. Animals § 9—Prior offenses committed by a useful animal does not justify the killing of the animal.**

In a prosecution for needlessly killing a useful dog, C. S., 4483, evidence that a dog, not identified as the dog killed, had frequented the place where defendant was employed, resulting in unpleasant odors around the place, and that the dog had barked at night, is properly excluded from the evidence upon the State's objection, since the evidence does not tend to establish justification, the presence of the dog on the premises giving the defendant only the right to drive him away but not to injure him unnecessarily, and previous offenses committed by the dog not being justification for killing him, the right to kill being founded on the immediate necessity of protecting property, a person, or another animal.

**4. Criminal Law § 52c—**

Where a statute makes the willful commission of an act a criminal offense, so that the proof of a particular intent is not necessary, uncontradicted evidence that defendant did willfully commit the act, justifies an instruction that the jury should return a verdict of guilty if they should find the facts to be as shown by all the evidence.

**5. Criminal Law § 81c—**

A peremptory instruction using the phrase "if you believe all the evidence" rather than "if you find the facts to be from all the evidence," *held* an inadvertence not constituting prejudicial error.

**6. Animals § 9—**

> Uncontradicted evidence that the defendant killed the prosecuting witness' pointer dog without just cause, excuse, or justification, *held* to sustain a peremptory instruction by the court.

APPEAL by defendant from *Parker, J.,* at November Term, 1938, of BERTIE. No error.

The defendant was charged with willfully and needlessly killing a dog in violation of C. S., 4483. The jury returned a verdict of guilty, and from judgment thereon defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*H. S. Ward for defendant.*

DEVIN, J. The statute, C. S., 4483, makes it unlawful to "willfully injure . . . needlessly mutilate or kill . . . any useful beast or animal." The willful killing of a dog is embraced within the prohibition of the statute. *S. v. Smith,* 156 N. C., 628, 72 S. E., 321; *S. v. Clifton,* 152 N. C., 800, 67 S. E., 751.

The manner and circumstances of the killing of the dog as disclosed by the evidence were not controverted. The defendant did not go upon the stand. The testimony showed that the defendant intentionally and without cause shot and killed a dog—a valuable pointer—the property of the prosecuting witness. It was testified that defendant went into a store, purchased two shells, and then proceeded to a place near where the dog was and at close range shot him through the hips and back legs. The dog was at the time about three feet from the back porch of the funeral home where defendant was employed. "The dog's head was facing the other way." The dog crawled under the back steps and died. The defendant carried the gun in the house. It was not disclosed what the defendant's duties were in connection with the funeral home.

The defendant offered to show by a witness that a dog—not identified as the dog of the prosecuting witness—had previously "bursted through the front door" of the funeral home, that he frequented the place and "made the place smell just like a dog . . . on the front and back porch and in the hall . . . barking at night." The State's objection to this evidence was sustained.

The court charged the jury as follows: "Gentlemen of the jury, if you believe all the evidence in this case, and beyond a reasonable doubt, the burden of proof being upon the State of North Carolina to so satisfy you, it will be your duty to return a verdict of guilty. If you have a reasonable doubt of his guilt, it will be your duty to acquit him."

The appellant's assignments of error relate to the ruling of the court in sustaining objection to the proffered testimony, and also to the charge of the court.

One of the essential elements of the offense with which the defendant is charged is that it be willfully done. The meaning of the word "willful" as used in criminal statutes was defined by *Ashe, J.,* speaking for the Court in the case of *S. v. Whitener,* 93 N. C., 590, as follows: "The word willful, used in a statute creating a criminal offense, means something more than an intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it without authority—careless whether he has the right or not—in violation of law, and it is this which makes the criminal intent without which one cannot be brought within the meaning of a criminal statute." This definition has been quoted and approved in numerous cases since. *S. v. Lumber Co.,* 153 N. C., 610, 69 S. E., 58; *Brittain v. R. R.,* 167 N. C., 642, 83 S. E., 702; *S. v. Falkner,* 182 N. C., 793, 108 S. E., 756; *Foster v. Hyman,* 197 N. C., 189, 148 S. E., 36; *West v. West,* 199 N. C., 12, 153 S. E., 600. Willful means "without just cause, excuse or justification." *S. v. Yelverton,* 196 N. C., 64, 147 S. E., 683.

The exclusion of the defendant's proposed testimony is fully sustained by the decisions of this Court in *S. v. Smith,* 156 N. C., 628, 72 S. E., 321, and the cases cited and discussed in the opinion by *Walker, J.* There was here no evidence offered that the dog of the prosecuting witness, at the time he was killed, was attempting to attack any animal or person, or threatening injury to property, so as to reasonably lead the defendant to believe that it was necessary to kill in order to protect the property of his employer. All the evidence was to the contrary. Nor would the defendant have been justified in executing the dog for a previous offense if such had been shown. *Morse v. Nixon,* 51 N. C., 293. The presence of the dog on the premises gave defendant the right to drive him away but not to injure him unnecessarily, although trespassing. *Scott v. Oates,* 175 N. C., 336, 95 S. E., 551; 2 Am. Jur., 762-764. The right to slay him cannot be justified by his previous act of bursting in through a door, or by the fact that his body emitted an odor peculiar to dogs, but is founded only on the right to protect person or property.

We think the trial judge correctly ruled that all the evidence in the case, if found by the jury beyond a reasonable doubt to be true, constituted a willful violation of the statute.

In *S. v. Neal,* 120 N. C., 613, 27 S. E., 81, the defendant was charged with violation of this statute in killing chickens which were destroying his peas. The trial court in that case erroneously placed the burden on the defendant to prove justification. The Court said: "But this error

STATE *v.* DICKENS.

in the charge was harmless error, for there was no evidence tending to show that the defendant was justified, and the court properly told the jury that the killing to prevent the destruction of the peas (the only matter in justification relied on) would not justify the defendant. The court might properly have told the jury that, if they believed the evidence, they should find the defendant guilty, for there was no conflict of evidence, and it amounted to that, since there was no evidence which made a legal defense."

In *S. v. Smith, supra,* where the defendant was charged with willfully killing a dog, justification was attempted on the ground that the dog had visited the premises before and turkeys had been killed. In the opinion in that case it was pointed out that at the time he was killed the dog was not in position to make danger to the turkeys appear imminent, and this language was used: "Upon the facts of this case we are of the opinion, and so decide, that the defendants were guilty, and that while the judge erred when he charged that if the dog was actually killing the turkeys it would be no defense or justification for the killing, this error was harmless, as there was no evidence that the danger to the turkeys was imminent and (that) the necessity to kill was apparent. . . . He (the dog) could have been driven away without resorting to extreme punishment, for it was nothing but punishment inflicted upon him for his supposed past transgressions, that is, resentment and retaliation. It was an act unlawful at common law and willful within the meaning of the statute as construed in *S. v. Clifton,* 152 N. C., 802 (800)."

In *S. v. Estes,* 185 N. C., 752, 117 S. E., 591, the defendant was charged with willfully interfering with or obstructing a sanitary inspector in the discharge of his duty. We quote from the opinion in that case, written by *Adams, J.,* as follows: "His Honor instructed the jury to convict the defendant if they had no reasonable doubt as to the truth of the evidence; and the appeal presents the question whether the evidence, if true, necessarily established the defendant's guilt. . . . It is a recognized principle that the trial judge is not justified in directing a verdict of guilty in a criminal action—a concrete application of the principle appearing in *Dixon's case,* 75 N. C., 275, in which the presiding judge said, 'I shall tell the jury to return a verdict of manslaughter.' *S. v. Dixon,* 75 N. C., 275; *S. v. Boyd,* 175 N. C., 791; *S. v. Singleton,* 183 N. C., 738. But where, as an inference of law, the uncontradicted evidence, if accepted as true, establishes the defendant's guilt it is permissible for the court to instruct the jury to return a verdict of guilty if they find the evidence to be true beyond a reasonable doubt. *S. v. Vines,* 93 N. C., 493; *S. v. Winchester,* 113 N. C., 642; *S. v. Riley, ibid.,* 648; *S. v. Woolard,* 119 N. C., 779."

We do not think the charge of the court upon all the evidence presented in the instant case is in conflict with the well-settled principle stated in *S. v. Williams,* 214 N. C., 682, and the causes there cited. In the *Williams case, supra,* it was held for error that the judge charged the jury, "It is your duty to convict this man either of rape or with intent to commit rape as you find the facts to be from the evidence and under the charge of the court, unless you find from the evidence that he did not have sufficient mental capacity to know the difference between right and wrong at the time of the assault."

In *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663, the defendant was charged with possession of liquor for the purpose of sale. There was evidence of the possession of twelve and a half quarts of whiskey. The statute constituted this *prima facie* evidence of violation of law. The trial judge charged the jury if they found the facts to be as the evidence tended to show beyond a reasonable doubt to return verdict of guilty. This Court held the *prima facie* effect given this evidence by the statute did not warrant the instruction. *Stacy, C. J.,* delivering the opinion of the Court, used this language: "The trial court may not direct a verdict for the prosecution in a criminal action when there is no admission or presumption calling for explanation or reply on the part of the defendant." There the fact of possession did not necessarily establish possession for the purpose of sale.

In *S. v. Hill,* 141 N. C., 769, 53 S. E., 311, where the charge was assault with a deadly weapon and defendant pleaded self-defense, the judge stated in the presence of the jury that he would instruct them that the defendant was guilty upon his own statement. A new trial was granted, but this Court said that where there was no evidence tending to establish the plea of self-defense, and where in any aspect of the testimony the defendant's guilt was manifest, the judge might tell the jury if they found the facts to be as testified, they should render a verdict of guilty.

In *S. v. Riley,* 113 N. C., 648, 18 S. E., 168, the defendant was charged with sale of spirituous liquor in violation of the law. At the close of the evidence the judge instructed the jury that if they believed the evidence the defendant was guilty, and thereupon directed the clerk to enter a verdict of guilty, which was done. The Court, in granting a new trial, said: "The fartherest the court can go in a criminal action is to charge the jury that if they believe the evidence the defendant is guilty. Upon the evidence set out in the record there was a plain case against the defendant, if the evidence is to be believed, but of that a jury and a jury alone can judge."

The case under consideration is not one of those where the burden of proof is upon the State to establish a particular intent as a necessary

ingredient of the criminal offense charged. *S. v. Coy,* 119 N. C., 901, 26 S. E., 120; *S. v. Barrett,* 123 N. C., 753, 31 S. E., 731; *Blake v. Smith,* 163 N. C., 274, 79 S. E., 596; *S. v. Kirkland,* 178 N. C., 810, 101 S. E., 560; *S. v. Eunice,* 194 N. C., 409, 139 S. E., 774. There is a distinction between the rule established in those and other similar cases and that applicable to an offense where it is necessary to show that the act was willful as that word has been defined by this Court.

While the words used by the judge in charging the jury, "if you believe all the evidence," might be open to criticism (*S. v. Loftin,* 186 N. C., 205, 119 S. E., 209; *S. v. Green,* 134 N. C., 658, 46 S. E., 761; *S. v. Barrett,* 123 N. C., 753, 31 S. E., 731), this inadvertence was not prejudicial. *Merrell v. Dudley,* 139 N. C., 57, 51 S. E., 777.

From all the evidence, if the testimony adduced is to be taken as true, it was established that the defendant purposely and deliberately, in violation of law, "without just cause, excuse or justification," shot and killed the prosecutor's dog. If so, this would constitute a willful act within the meaning of the word as defined. The jury was instructed if they found beyond a reasonable doubt that this evidence was true to return a verdict of guilty, but if they had a reasonable doubt about it to acquit the defendant. The jury has accepted the evidence as true and by the proper degree of proof has found the defendant guilty. The facts have thus been determined. We perceive no just ground upon which we should set aside the verdict and judgment.

No error.