STATE v. HUDNELL VAUGHN PILLOW.

(Filed 19 September, 1951.)

**1. Arrest and Bail § 1b—**

When a misdemeanor or other criminal offense is committed in the presence of an officer, he may forthwith arrest the offender without a warrant, and this rule applies to drunken driving. G.S. 20-138.

**2. Arrest and Bail § 5: Constitutional Law § 34a—**

Where there is evidence that defendant was intoxicated when he was arrested for drunken driving, a delay of some two hours in procuring a warrant and admitting defendant to bail fails to show any infringement of defendant's constitutional rights, the matter being largely in the discretion of the officer and no abuse of discretion being made to appear, and the temporary incarceration in no way depriving defendant of the benefit of any witnesses in his behalf.

**3. Automobiles § 30d—**

Evidence of defendant's guilt of drunken driving *held* ample to overrule his motion for nonsuit.

**4. Criminal Law § 53f—**

A charge which, in effect, instructs the jury that the State contended that nonresidents not subject to subpoena were good enough friends of defendant to have appeared in his behalf if he had been wrongfully accused, *held* prejudicial as burdening defendant with the indifference or disloyalty of his friends, nor would such contention have been a proper subject of comment by the solicitor.

**5. Same—**

A charge which, in effect, instructs the jury that the State contended that the prosecuting attorney talked to defendant about two hours after his arrest and would not have had the warrant for drunken driving issued if he had not been satisfied from his conversation with defendant that defendant was guilty and that from this circumstance alone the jury should infer guilt, must be held for prejudicial error.

STATE v. PILLOW.

**6. Same—**

It is prejudicial error for the court to charge that the State contended that defendant's character was not so good because he had offered to plead guilty and then changed his mind when he found out the penalty for his offense, and pleaded not guilty.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Harris, J.,* May Term, 1951, NASH. New trial.

Criminal prosecution on a warrant which charges that defendant unlawfully operated a motor vehicle upon a public highway of the State while under the influence of intoxicating liquor.

At about 2:45 p.m. on 1 July 1950, a State patrolman observed defendant operating a motor vehicle on Highway 301 just north of Rocky Mount. He followed defendant for some time and noted that his automobile crossed over the road onto the left shoulder and then traveled back to the right shoulder. This occurred two or three times. The patrolman sounded his siren and defendant "pulled into the lower entrance" of a motor court. Defendant got out. He had a strong odor of alcohol on his breath and was unsteady on his feet. The patrolman asked him if he did not know he was too much under the influence to be driving. He replied that he had had some liquor early that morning "and did not realize until recently that he had too much and that he wanted to go in there and sleep . . . not to arrest him but to allow him to go in there and sleep a while . . ." He was arrested and imprisoned in the city jail for some time before a warrant was issued or he was allowed bail. Upon being released on bail he told the desk sergeant that he "guessed" he was under the influence of liquor and would not operate a car for a while. He wanted to submit to the charge, pay his fine, and continue on his trip. There was other evidence tending to show that defendant was intoxicated.

Defendant entered a plea of not guilty and testified that he took a drink or two before breakfast with some friends in Petersburg, Va., to celebrate the birth of a child of one of his acquaintances. He denied he was under the influence of liquor at the time he was stopped by the officer, and offered evidence of his good reputation.

There was a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*James P. Bunn, Jr., for defendant appellant.*

BARNHILL, J.   When a misdemeanor or other criminal offense is committed in the presence of an officer, he may forthwith arrest the offender without a warrant. *S. v. Rogers,* 166 N.C. 388, 81 S.E. 999, and cases cited; *S. v. Loftin,* 186 N.C. 205, 119 S.E. 209; *Perry v. Hurdle,* 229 N.C. 216, 49 S.E. 2d 400.   We have held that this rule applies when the offense committed is the violation of the statute, G.S. 20-138, which forbids the operation of a motor vehicle upon a public street or highway by a person who is at the time under the influence of intoxicating liquor. *S. v. Loftin, supra.*   While there may have been some slight unnecessary delay in procuring a warrant and admitting the defendant to bail, it must be remembered that, according to the evidence for the State, the defendant was under the influence of intoxicating liquor even when he was released on bail some two hours later.   Under the circumstances the necessities of the case were largely within the discretion of the officer. *S. v. Freeman,* 86 N.C. 683.   No abuse of that discretion has been made to appear.   It follows that there has been no infringement of any constitutional right of defendant such as would invalidate the trial in the court below and require the dismissal of the action.   Certainly there is nothing in the record to indicate that the temporary incarceration of defendant in any way deprived him of the benefit of witnesses in his behalf.

Nor was there any error in the refusal of the court to dismiss the action for want of sufficient evidence to be submitted to a jury.   There is substantial evidence tending to show that defendant had committed the offense for which he was on trial.

In the course of its charge to the jury the court reviewed the contentions made by the State.   Defendant's exceptions to certain of these contentions contained in the instructions of the court merit our attention. A careful perusal of the charge in this respect compels the conclusion that it must have impressed the jury with the strength of the State's case and left them under the impression the court was of the opinion the defendant should be convicted.

After stating that the State contended the defendant had failed to produce witnesses who live in Virginia to testify in his behalf, the court charged: "and the State contends that if they are good enough friends of his for him to celebrate the christening of their baby, that they are good enough friends to come here and testify if they thought he had been wrongfully accused.   And the State contends that they have not done that."   Thus the court indicated that the failure of witnesses who were not subject to subpoena voluntarily to come to the aid of defendant warranted the inference that they were of the opinion that the defendant was not wrongfully charged, or, at least, that the State so contended, and thus burdened the defendant with the indifference or disloyalty of his friends.

Their very absence warranted the inference that they thought defendant was under the influence of liquor at the time of his arrest. This is the inference the charge suggests.

And then again: "And the State contends that the warrant would not have been written if the defendant had not been under the influence of intoxicating liquor, and the State contends that the prosecuting attorney wrote this warrant after talking to the defendant about two hours after he was arrested, and the State contends that these facts ought to satisfy you that this defendant was under the influence of intoxicating liquor." That is to say, in effect, the State contends the prosecuting attorney talked to the defendant. He would not have issued a warrant if he had not formed the opinion, from this conversation, that defendant was guilty. From this circumstance alone the jury should infer guilt.

After referring to defendant's evidence of good character and charging that the State contends "that even a man of good character can drink too much and get under the influence," it instructed the jury further that "the State contends that you ought not to say that this defendant's character is so good because of the fact that he offered to plead guilty and then comes in and pleads not guilty; that he changed his mind about it after finding out that the law in this State requires the forfeiture of your driving license for the period of one year."

These contentions placed before the jury matters which they should not take into consideration in arriving at a verdict. *S. v. Wyont,* 218 N.C. 505, 11 S.E. 2d 473; *Curlee v. Scales,* 223 N.C. 788, 28 S.E. 2d 576; *S. v. Isaac,* 225 N.C. 310, 34 S.E. 2d 410; *S. v. Warren,* 227 N.C. 380, 42 S.E. 2d 350; *S. v. Alston,* 228 N.C. 555, 46 S.E. 2d 567; *S. v. Woolard,* 227 N.C. 645, 44 S.E. 2d 29; *S. v. Auston,* 223 N.C. 203, 25 S.E. 2d 613; *S. v. Dee,* 214 N.C. 509, 199 S.E. 730; *S. v. Rhinehart,* 209 N.C. 150, 183 S.E. 388. It would not have been proper for the solicitor to have presented any one of them in his argument to the jury. It was error for the court to do so in its charge. Though the statements were in the form of contentions, the legal inferences and deductions they suggested were such as to mislead the jury and prejudice the cause of the defendant. *S. v. Hedgepeth,* 230 N.C. 33, 51 S.E. 2d 914.

The inadvertence in thus stating the contentions of the State is one of those casualties which sometimes occur in the trial of a cause, notwithstanding the earnest desire of the trial judge to act at all times with complete impartiality. The inadvertence having occurred, however, we cannot avoid taking note thereof.

*S. v. Russell,* 233 N.C. 487, relied on by the State, is distinguishable. For the reasons stated, there must be a

New trial.

VALENTINE, J., took no part in the consideration or decision of this case.